## John Allen *vs.* Artiman Staples.

The *St.* of 1855, *c.* 215, § 25, providing for the issuing of warrants to search for and seize intoxicating liquors, is constitutional.

Under *St.* 1855, *c.* 215, §§ 13, 25, a warrant may be issued to search for and seize spirituous liquors already taken by an officer from a person engaged in illegally transporting them, and still held by the officer.

A complaint and warrant under *St.* 1855, *c.* 215, § 25, to search for and seize spirituous liquors which are already in the custody of an officer who has seized them when being illegally transported, need not state that fact.

A warrant for the search and seizure of spirituous liquors, issued under *St.* 1855, *c.* 215, § 25, need not name the owner of the liquors, if it names the person in whose possession they are found.

The provision of *St.* 1855, *c.* 215, § 25, that a warrant issued under that section " shall be supported by the oath of the complainant," does not require any other oath than to the complaint.

The owner of spirituous liquors seized on a warrant lawfully issued under *St.* 1855, *c.* 215, § 25, and legally served, cannot maintain replevin against the officer, for the liquors and the vessels containing them.

Replevin of spirituous liquors and the vessels containing them. Writ dated July 9th 1855. The parties submitted the case to the decision of the court upon the following facts:

The liquors and vessels were the property of the plaintiff, a citizen of Rhode Island; and on the 7th of July 1855 were seized by the defendant, a constable of Blackstone, while in the custody of Harvey Carpenter, who was transporting them along a public road in that town; and deposited by the defendant in his barn; and afterwards, and while remaining in his barn, seized by the defendant upon a warrant of search, issued by the police court of Blackstone, upon a complaint under *St.* 1855, *c.* 215, § 25; and, while thus in the defendant's possession, were taken from him without his consent, by this writ of replevin.

That complaint alleged that the liquors were kept and depos-

ited by Harvey Carpenter in the barn of the defendant, and were intended by Carpenter for sale in this commonwealth, without authority of law. The complaint and warrant, and an order of notice issued thereon, returnable at the court of common pleas, pursuant to *St.* 1855, *c.* 215, § 30, were in the forms prescribed in *St.* 1855, *c.* 397, § 1. But the plaintiff was not named in either of them ; and the only oath of the complainants was to the complaint.

*P. P. Todd,* for the plaintiff, argued that the proceedings of the defendant were illegal; because the provisions of the statute in question were unconstitutional, in requiring, in § 29, a recognizance with sureties to prosecute an appeal, as a condition precedent to a trial by jury; Declaration of Rights, arts. 12, 14; *Fisher* v. *McGirr,* 1 Gray, 37 ; *Greene* v. *Briggs,* 1 Curt. C. C. 311; because a warrant of search and seizure, which was the only form allowed by the statute, § 25, and used in this case, was not applicable to a case where the liquors had been already found and taken into the custody of the law ; because the complaint and warrant did not state that the liquors and vessels were first taken without a warrant ; because the plaintiff was not named in the proceedings ; and because the warrant was not supported by the oath of the complainants, although the *St.* of 1855, *c.* 215, § 25, expressly requires that " the warrant to be issued on said complaint shall be supported by the oath or affirmation of the complainant."

He also argued that the plaintiff could maintain replevin for his property, even if the proceedings were correct and legal; citing 2 Greenl. Ev. § 560; Rev. Sts. *c.* 113, § 27 ; *Ilsley* v. *Stubbs,* 5 Mass. 283; *Baker* v. *Fales,* 16 Mass. 150, & Rand's note; *Commonwealth* v. *Kennard,* 8 Pick. 136, 137 ; *Greene* v. *Briggs,* 1 Curt. C. C. 311; 12 Amer. Jurist, 109 & *note.*

*P. E. Aldrich,* for the defendant.

METCALF, J. The court see nothing unconstitutional or irregular in the proceedings under which these liquors were seized and held by the defendant. The complaint, the warrant and service thereof, and the action of the magistrate, appear to conform to the requisitions of *St.* 1855, *c.* 215.

The only open question in this case therefore is, whether the owner of liquors, which have been seized and are held by an officer, by virtue of that statute, under valid legal process, legally served, can maintain an action of replevin against the officer and take the liquors from him, while that process is pending. We are of opinion that he cannot. Liquors so seized and held are in the custody of the law, and cannot, at common law, be replevied. *Ilsley* v. *Stubbs*, 5 Mass. 283. *Smith* v. *Huntington*, 3 N. H. 78. Are they repleviable under our statute law—Rev. Sts. *c.* 119 ? The *St.* of 1855, *c.* 215, makes it quite clear, we think, that they are not. Section 25 authorizes the issuing of a warrant to search for and seize liquors, and requires the officer who seizes them to keep them until final action shall be had on the warrant. The purpose of such seizure and keeping is shown by § 27, namely, that the liquors may be adjudged to be forfeited to the Commonwealth, and, if they are suitable for certain uses mentioned, to be disposed of in one way ; but, if not suitable for such uses, to be disposed of in another way, to wit, to be destroyed. These proceedings are authorized and directed on the ground that liquors kept for sale, contrary to law, are common nuisances, as § 37 declares that they are, and requires that they be regarded and treated as such. These provisions extend also to the vessels in which the liquors are contained, and are wholly incompatible with the owner's right to take the liquors and vessels from the officer, by replevying them, when the officer seizes and holds them under a valid warrant legally served. As well might the owner of obscene books, lottery tickets, tools for counterfeiting coin, or gaming apparatus, seized on a search warrant legally issued and served, replevy them before trial on the warrant.

In *Cawthorne* v. *Campbell*, 1 Anstr. 212, Chief Baron Eyre said : " If a man at this day, there being a seizure in order to condemnation, was to presume to replevy the goods, it would be a contempt of the court, for which an attachment would be granted instantly." *Plaintiff nonsuit.*