COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS, Walter H. Foster & another, claimants.

When proceedings on a complaint under the St. of 1869, c. 415, § 44, are quashed for defects in matters of form, the owner of the intoxicating liquors seized upon the warrant is entitled under § 53 to an order for their return.

COMPLAINT on the St. of 1869, *c.* 415, § 44, to the municipal court of the city of Boston, for a warrant of search for certain intoxicating liquors alleged to be kept for unlawful sale by Walter H. Foster and Joseph Foster. On the warrant, seventy-eight gallons of whiskey, ninety-five gallons of ale, and various quantities of other intoxicating liquors, and the vessels of various kinds in which they were contained, were seized; and Walter H. Foster and Joseph Foster were summoned as claimants. They appeared accordingly in the superior court, and made their claim to the property seized; and the proceedings against it were quashed on their motion for formal defects in the complaint and warrant. Thereupon they further moved for an order for the return of the liquors; but *Pitman,* J., overruled this motion, and they alleged exceptions.

*N. St. J. Green,* for the claimants.

*C. Allen,* Attorney General, for the Commonwealth.

MORTON, J. The fifty-first section of chapter 415 of the acts of 1869 provides that, "at the time and place designated in the notice, the person complained against, or any person claiming an interest in the liquor or vessels seized, or any part thereof, may appear and make his claim verbally or in writing, and a record of his appearance and claim shall be made, and he shall be admitted as a party in the trial. Whether a claim as aforesaid is made or not, the justice or court shall proceed to try, hear and determine the allegations of such complaint, and whether such liquors and vessels, or any part thereof, are forfeited. If it appears that the liquor or any part thereof was, at the time of making the complaint, owned or kept by the person alleged therein, for the purpose of being sold in violation of this act, the court or justice shall render judgment that such and so

much of the liquor so seized as was so unlawfully kept, and the vessels in which it is contained, be forfeited to the Commonwealth." The fifty-second section makes provision for the disposition to be made of liquors adjudged to be forfeited. The fifty-third section provides that, " if it is not proved on the trial that all or part of the liquor seized was kept or deposited for sale contrary to law, the justice or court shall issue a written order to the officer having the same in custody, to return so much thereof as was not proved to be so kept or deposited, with the vessels in which it is contained, to the place as nearly as may be from which it is taken, or to deliver the same to the person entitled to receive it; which order the officer, after executing the same, shall return to the justice or court, with his doings indorsed thereon."

These enactments appear to be designed to make provision for two alternatives; one, where it is shown that the liquors seized are liable to forfeiture; the other, where it is not so shown. We are of opinion that the fifty-third section was intended to apply to cases like the one at bar, in which the proceedings are quashed by reason of formal defects in the complaint, or other irregularities not affecting the jurisdiction of the court, as well as to cases in which, upon the trial of an issue of fact, there is a failure to prove that the liquors seized are liable to forfeiture. The language admits of this construction; and, thus construed, the statute makes provision, in all cases properly before the court, for the disposition of the property, which by the service of the search warrant is placed in the custody of the law and the control of the court; while the opposite construction leaves the disposition of the property entirely unprovided for in a large class of cases constantly arising in the practical administration of the law. Unless the court orders a return, the only remedy of the owner is a suit against the officer, and it is not to be presumed that the legislature intended a result so vexatious both to the owner and to the officer having the custody of the property. All the reasons, of justice and of policy, in favor of issuing such order in any case, apply with equal force to cases like the present. It would have a tendency

to prevent litigation, to preserve the rights of the owner, and to protect the officer. We are therefore of the opinion that the motion of the claimant for an order for a return should have been granted.

The decision of this court in *Ewings* v. *Walker*, 9 Gray, 95, does not conflict with these views. In that case, the notice issued by the police court was not returned to the court of common pleas, so that the latter court acquired no jurisdiction of the case, and the complaint was therefore abated, and no order for a return issued. In that state of facts, the plaintiff demanded his property of the officer having the custody of it, who refused to deliver it up; and the court held that the owner could maintain tort for its conversion. The question was not raised whether, in a case like the one at bar, it was the duty of the court to issue an order for a return. The remarks in the opinion, as to the provisions in relation to an order for the return of liquors, if they can be construed so as to include this case, have not the weight of an adjudication, as the question was not involved in the decision of that case.          *Exceptions sustained.*