## AMANDUS VOETSCH *vs.* GEORGE H. PHELPS.

When intoxicating liquors have been seized upon a search-warrant, the subsequent neglect of the magistrate to issue notice under St. 1869, *c.* 415, §§ 48, 49, and 56, to persons interested in the liquors will not make the prior act of seizing the liquors a trespass.

TORT for conversion of ten gallons of whiskey. The writ was dated August 1, 1872. At the trial of the case in the Superior Court before *Wilkinson,* J., it having been shown that the liquor had been seized by the defendant, he offered in justification the minutes on the clerk's docket, the record not having been extended, where the following entries appeared :

"Superior Court, November Term, A. D. 1872.

"Dist. Atty. 248. Commonwealth vs. { Certain Liquors.
{ Henry E. Thorpe.

"Nov. 20, '72, Liquors forfeited and to be delivered to State Commiss'r, &c. War't iss'd Jan'y 29, 1873."

The defendant further offered in evidence the following papers from the files in the court: A copy of a complaint under St. 1869, *c.* 415, § 45, made July 23, 1872, in the form prescribed by that statute, to search for the liquor · a copy of a warrant dated July 23, 1872, to search for and seize the liquor; a copy of the

return of the defendant also dated July 23, 1872, that he had made the search and seized the liquor; a copy of the adjudication of the magistrate, bearing the same date, that in his opinion the value of the liquor exceeded twenty dollars and ordering that notice should be given to Henry E. Thorpe (by whom in the complaint and warrant the liquor was alleged to be kept) and all other persons claiming an interest in the liquor to appear before the justices of the Superior Court on the second Monday of November, 1872.

The court ruled that the proceedings in the seizure case were not sufficient to justify the defendant, and directed a verdict for the plaintiff. The defendant excepted.

*G. D. Williams,* for the defendant.

*A. Brainard,* for the plaintiff.

AMES, J. It appears from the papers filed in the case that the defendant, as a constable of the town of Montague, made the seizure July 23, 1872, by virtue of a warrant of that date, issued by and returnable before a trial justice within and for the county of Franklin. Upon this warrant the defendant made return on the same day that he had searched the place designated and had seized the liquors described in the warrant, and had conveyed them to a place of safety. No informality or defect, so far, has been pointed out either in the complaint or warrant, or in the proceedings under it. From the time of the seizure until August 1, 1872, which is the date of the plaintiff's writ, the defendant does not appear to have done anything with the property, except to continue to keep it, according to the command in his precept, to await the final action and decision of the court.

The only irregularity complained of in the proceedings after the seizure and up to the date of tne plaintiff's writ was the neglect of the magistrate to issue a notice to the keeper of the liquor or any other person interested therein, in compliance with the statute. But this omission, which was not the fault of the officer, and may have been without his knowledge, cannot convert him into a wrongdoer in what he had already done, or transform the lawful service of process into a trespass.

*Exceptions sustained.*