Dennis W. Hines *vs.* Clarke Chambers and another.

December 29, 1881.

Action Against Sheriff—Justification Under Writ of Attachment— Proof of Indebtedness Required.—Action of replevin against an officer for the recovery of property alleged by plaintiff to belong to him, and to have been taken by the defendant by virtue of a writ of attachment against another. Defendant justifies under the writ, and pleads that plaintiff's alleged title is fraudulent as to creditors of the attachment defendant. *Held*, that to enable defendant to maintain such defence, and to impeach plaintiff's title as fraudulent, it was necessary to show not only a writ of attachment fair on its face, but also the existence of an indebtedness from the defendant in the attachment suit to the plaintiff therein.

Same—Sufficiency of Writ in this Case.—A writ of attachment is sufficient to protect an officer in the proper execution of it, when it proceeds from a magistrate or court having authority of law to issue process of that nature, is legal in form, and contains nothing to notify or fairly apprise the officer that it is issued without authority. The writ in this case considered sufficient, notwithstanding certain irregularities.

Same—Incompetent but Harmless Evidence.—The fact of such indebtedness being conclusively shown by undisputed parol evidence, the fact that the court received other and incompetent evidence of the indebtedness, which could not have prejudiced the plaintiff in other respects, is no ground for a new trial.

Same—Loss of Jurisdiction Subsequent to Seizure—Demand.—The taking of property complained of having been by virtue of process which was sufficient, and which the court had authority to issue, a subsequent divesting of that court of its jurisdiction to proceed in that action does not give a right of action against the officer for the possession of the property still held under the attachment, in the absence of a demand first made upon him for its delivery.

Appeal by plaintiff from an order of the district court for Steele county, *Buckham*, J., presiding, refusing a new trial. The case is stated in the opinion. .

*A. C. Hickman* and *Burlingame & Crandall*, for appellant.

The justice having no jurisdiction of the case, his acts were void, and all the proceedings in connection therewith were likewise void. Constitution of Minn. Art. 6, § 8; *Barber* v. *Kennedy*, 18 Minn. 216; *Gates* v. *Neimeyer*, 54 Iowa, 110; *Galley* v. *County of Tama*, 40 Iowa, 49; *Mattison* v. *Baucus*, Hill & Denio, 321; *Elderkin* v. *Spurbeck*, 1 Chand. 69, S. C. 2 Pinney, (Wis.) 129.

*Wheelock & Sperry* and *Amos Coggswell*, for respondents.

DICKINSON, J. The defendants are respectively the sheriff and deputy sheriff of Steele county. One Colter commenced an action in justice's court against one Sever Johnson, in which a writ of attachment was issued and delivered to the said deputy sheriff, by virtue of which he levied upon the property which is the subject of this action. This plaintiff brought this action in the nature of replevin to recover the property, he claiming to be the owner of it. The complaint alleges the official character of the defendants, and that the property was taken under the writ of attachment. Defendants justify under the writ, averring the property to be that of the attachment defendant Johnson, and impeaching plaintiff's title as fraudulent as to the creditors of Johnson. The jury found a verdict for the defendants. A new trial was denied, and this appeal taken.

The property appears to have been transferred from Johnson to this plaintiff before the levy in question. The evidence, however, was sufficient to warrant the jury in finding such transfer fraudulent as to creditors. The grounds upon which reversal is sought are: (1) The justice had not jurisdiction in the action; (2) the writ of attachment was void on its face; and (3) error upon the trial in receiving in evidence the complaint and docket entry of the judgment in the justice's court. We will consider the first and third points together.

It was necessary for the defendants in this action, wherein they are justifying their possession under process against Johnson, and seeking thus to maintain a special right of property and to avoid the sale from Johnson to plaintiff as fraudulent, to show not only process fair

on its face, and issued by a court or màgistrate having authority to do so, but the existence of an indebtedness from Johnson to Colter; for, as between the parties to the sale, it would be an effective transfer of the property, and only creditors of the vendor could impeach it. *Braley* v. *Byrnes*, 20 Minn. 435; *Damon* v. *Bryant*, 2 Pick. 411; *James* v. *Van Duyn*, 45 Wis. 512. The complaint in the action in justice's court, and the record of a judgment thereon, would have been evidence in this action against the officer of such indebtedness, if the justice had jurisdiction to render such judgment. *Blackman* v. *Wheaton*, 13 Minn. 326. If, however, the justice had not jurisdiction, the judgment would be void and no evidence of such indebtedness.

Upon the trial Colter was called as a witness for the defendants, and testified that he sold the property in question to Johnson for $100, and took a note for the payment, which was dated at the time of the sale—November 22, 1878,—and was due in one year; that Johnson had never paid it, excepting one year's interest. This evidence was in no way disputed, and no other evidence relating to the indebtedness was presented, unless it be the complaint and judgment in the action in justice court. Such record evidence was objected to, upon the ground that it showed that the justice had not jurisdiction in the action. The evidence objected to may have been offered either for the purpose of proving an indebtedness from Johnson to Colter, the parties to that action, or for the purpose of showing that the indebtedness shown by the testimony of Colter to have existed was the same debt upon which the action had been brought, or·it may have been offered for both purposes. It was proper to offer the complaint, for the purpose of so identifying the debt with the cause of action sued upon, even though the complaint showed that the justice had not jurisdiction to proceed. We shall further advert to that subject hereafter. The fact of indebtedness was conclusively established by the undisputed evidence of Colter, so that it must have been found as a fact in the case by the jury; *Spaulding* v. *Chicago & Northwestern Ry. Co.*, 33 Wis. 582, 591; and, in so far as the documentary evidence may have borne upon that question, it could have

worked no prejudice to the plaintiff, although it did show that the judgment was void for want of jurisdiction.

We are of the opinion that the complaint in justice court does show, *prima facie*, that the action was prosecuted for the recovery of the very debt which Colter testified to, and, there being no evidence to the contrary, the defendants thus established the facts necessary to enable them to contest the good faith of the sale from Johnson to Hines. The complaint is upon a promissory note, made by Johnson to Colter, November 22, 1878, for $100, upon which $7 had been paid. The points of identity between the cause of action declared upon, and upon which judgment was rendered, and the debt testified to by Colter, are the parties, maker and payee, the date, the amount, and the payment previously made upon it. We deem it sufficient in the absence of proof impairing its effect.

But, again, assuming that the complaint presented for adjudication a cause of action and demand beyond the jurisdiction of a justice of the peace, to what conclusion are we led? The writ of attachment and the taking under it, which are complained of, preceded the filing of the complaint in that action. It is admitted that the affidavit and bond upon which the writ was issued were sufficient, and it follows that the justice had authority to issue a writ of attachment, and, if the writ was fair on its face, it protected the officer in properly executing it. If it was fair on its face, it authorized the taking by the officer of the property of Johnson; and that the property in question did belong to Johnson—that is, that the sale to Hines was fraudulent and void—must be deemed as established by the verdict. The property was rightfully taken, as we will assume, under the writ of attachment. For this taking this action is brought, and under this writ alone defendants justify. If subsequent proceedings in the action in justice court, upon the filing of the complaint, divested the justice of his jurisdiction to proceed, a demand for the return of the property should have been made upon the officer, who came rightfully, and in the discharge of his official duty, into possession of it. A demand was made, but it does not appear whether it was made before or after the filing of the complaint in justice court, and, until that event, the officer

rightfully held possession. If, in fact, such demand was after the justice was divested of his jurisdiction, the appellant should have made it so appear. We cannot assume it.

We come now to consider whether the writ was, upon its face, such as afforded a protection to the officer. The writ is, so far as it is necessary to quote it, as follows:

"The State of Minnesota, County of Steele— ss.:

"The state of Minnesota to the sheriff or any constable of said county: You are hereby commanded to attach the goods and chattels, moneys, effects and credits of Sever Johnson, *and especially one dark-bay gelding colt, five years old next June; the debt sued upon in this action being for the purchase price of said colt,* or so much thereof as shall be sufficient to satisfy the sum of *one hundred* ———,  *  *  * with interest and costs of suit,  *  *  *  and also to summon the said Sever Johnson  *  *  *  to be and appear at my office  *  *  * to answer to James Colter in a civil action, to his damage $100 or under."

It was properly and officially executed by the justice, and follows a form prescribed by statute, except as to those parts which we have put in italics. The justice had no authority to designate the particular property to be taken under the writ, but no objection is made to the validity of the writ upon that ground; nor do we consider that such an unauthorized command, in a writ otherwise sufficient, would invalidate it, or deprive the officer of the protection of the process in a proper execution of it. There is an evident omission of the word "dollars" after the words "one hundred." That the omitted word is one expressing a denomination of money is clear, for no other word would have any relation or fitness to the preceding word, "sum." A writ could only issue in an action for the recovery of money, and the succeeding part of the writ shows that it was issued in an action for the recovery of money to the amount of "$100 or under." With the word "dollars" supplied, the writ is not to be construed as commanding a levy to satisfy a greater sum than $100, with costs and interest after judgment.

The word "interest," in that connection, does not mean interest *before* judgment, for several reasons: *First*, that construction would make the writ illegal, and one which the court had no right to issue, and such a construction is not necessary; *second*, in another part of the same instrument it appears that the limit of the recovery sought in the action is $100; *third*, no date from which interest could be computed is named in the writ; *fourth*, upon a writ to levy to satisfy a recovery of $100, it would be the duty of the officer to estimate interest upon the recovery from its date until sale could be made upon execution, which would be at least 10 days. The law gives that and the writ may provide for it.

The criterion of the sufficiency of process to protect the officer executing it has been already stated. It must be fair on its face; that is, it must proceed from an officer or ·court having authority of law to issue process of that nature. It must be legal upon its face, and contain nothing to notify or fairly apprise the officer that it is issued without authority. Cooley on Torts, 459, 460. The writ in question was such as to justify the officer in the proper execution of it. The conclusion is that error is not shown, and the order refusing a new trial should be affirmed. Ordered accordingly.