## J. M. INGRAHAM v. FRANK BOOTON and Others.[1]

February 2, 1912.

Nos. 17,456—(234).

**Search warrant — validity.**

> In an action to recover damages for the seizure of intoxicating liquors which belonged to plaintiff, brought against a village marshal and citizens commanded by him to assist in the search and seizure, it is *held:*

> 1. That when a search warrant is fair on its face, is issued by a court which has jurisdiction of the subject-matter, contains nothing to apprise the officer directed to execute it that it was issued without authority, and is not a violation of the Constitution or statute of this state, such a warrant is a full protection to the officer and his deputies who obey its commands.

[1] Reported in 134 N. W. 505.

2. Such a warrant protects the officer, though it does not contain a technically accurate or sufficient charge of the offense, and though the complaint on which it was issued does not.

3. The warrant under which defendants in this case searched plaintiff's premises and seized intoxicating liquors found thereon was a full protection to defendants.

Action in the district court for Pine county against Frank Booton and fifteen other defendants to recover $5,798.32 damages for the seizure and destruction of a quantity of intoxicating liquors and injury to plaintiff's hotel business. The replies alleged that the complaint and warrant issued thereon did not state facts sufficient to show the commission of a public offense and did not afford any justification to defendants. The case was tried before Stolberg, J., who, when plaintiff rested, granted the motion of certain defendants to dismiss the action as to them, and at the close of the trial directed a verdict in favor of the other defendants. From an order denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*Reed & Swift,* for appellant.

*Norton & Norton* and *S. G. Roberts,* for respondents.

BUNN, J.

This action was to recover the value of certain liquors belonging to plaintiff and alleged to have been converted and destroyed by defendants, and to recover damages to plaintiff's business caused by the acts of defendants. Defendant Booton answered, justifying the seizure of the liquors under a search warrant issued by defendant Madison as justice of the peace. The other defendants made similar answers, except defendants Samuelson, McLain, Madison, and Batty, each of whom interposed a general denial. At the close of plaintiff's case the action was on motion of defendants dismissed as to the defendants last above named, and at the close of all the evidence the court directed a verdict in favor of the remaining defendants. Plaintiff appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial.

The assignments of error present the questions whether the trial court was right in dismissing the case as to certain defendants and in directing a verdict in favor of the others. The facts, as they appeared from the evidence, are briefly stated as follows:

Plaintiff on April 12, 1909, and for several years prior thereto, owned and kept a hotel in the village of Sandstone, in this state, and a saloon operated in connection with the hotel. He also kept beer and liquors for sale in a warehouse located across the street from the hotel. At the village election held March 7, 1909, Sandstone voted no license. On April 12, 1909, defendant McLain made a complaint to defendant Madison, a justice of the peace of the village, charging plaintiff with keeping an unlicensed drinking place upon the hotel premises, and also with keeping and maintaining a wholesale house for the sale, delivering, transferring, and disposing of whisky, wine, beer, and other intoxicating liquors to others on the right of way of the Great Northern Railway Company opposite to the hotel. The complaint charged that plaintiff in this "wholesale house" received, kept, sold, and furnished as a beverage to others intoxicating liquors, and contained the allegation "that the keeping and maintaining of said unlicensed drinking place and wholesale house, and said receiving and keeping, and furnishing as a beverage to others of intoxicating liquors therein, is contrary to and in violation of law in this: That said place is unlicensed, and neither of said persons is licensed to keep or sell intoxicating liquor."

On this complaint defendant Madison, as justice of the peace, issued a warrant. This warrant recited the substance of the complaint, described the saloon and the warehouse, commanded the sheriff, or any constable, marshal, or police officer, to arrest plaintiff and bring him before the justice, to be dealt with according to law, and to enter the saloon and the warehouse described in the warrant, search the premises, and seize and hold all intoxicating liquors found thereon. This warrant was delivered to defendant Frank Booton, who was then marshal of said village, but who died before the action was tried. Booton commanded eight citizens of Sandstone, who are defendants

here, to assist him in executing the search warrant, swearing them in as special deputies. They searched the hotel building and the wholesale warehouse described in the warrant, and seized and took into possession the intoxicating liquors found. Plaintiff was taken before the justice, bound over to the grand jury, and thereafter discharged by the district court; the grand jury returning a "no bill."

When plaintiff rested, there was no evidence tending to show that defendants Madison, McLain, Batty, J. H. Samuelson, and Joel Samuelson, or either of them, had anything to do with the issuance of the warrant or the seizure. The motion to dismiss as to these defendants was therefore rightly granted. Plaintiff claims that the marshal, Booton, and his special deputies, are not protected by the warrant, and therefore were liable for their acts in searching the premises and seizing the liquors.

Plaintiff's argument is based wholly upon the claim that neither the complaint nor recitals in the warrant sufficiently charge defendant with keeping an unlicensed drinking place, or at least with keeping an unlicensed drinking place at the wholesale warehouse. We do not agree with this claim as to the charge relating to the hotel and saloon, and are far from clear that the charge as to the wholesale house is not sufficient; but, even if it be conceded that the warrant does not recite or the complaint charge that plaintiff kept an unlicensed drinking place at the warehouse, it does not follow that the warrant was not a protection to the officer.

If the warrant was fair and legal on its face, if it proceeded from a court or officer having authority of law to issue process of that nature, and contained nothing to apprise the officer that it was issued without jurisdiction or authority, it protected the officer, notwithstanding that the complaint may have failed to state an offense. Jordan v. Henry, 22 Minn. 245; Orr v. Box, 22 Minn. 485; Hines v. Chambers, 29 Minn. 7, 11 N. W. 129. If the process shows on its face that the court was without jurisdiction to issue process of that nature, the officer is not protected; but clearly here the justice had jurisdiction and power to issue a warrant of arrest and a search warrant.

A sworn complaint had been presented, describing the place to be searched and the property to be seized, and a search warrant was authorized under article 1, § 10, of the Constitution, and section 1553, R. L. 1905. State v. Stoffels, 89 Minn. 205, 94 N. W. 675. The warrant was fair on its face, was issued by a court that had jurisdiction of the subject-matter, and contained nothing to apprise the officer that it was issued without authority. It is not the law that a sheriff, marshal, or other officer whose duty it is to serve process issued by a court is obliged to go behind a warrant fair on its face, and at his peril determine questions of law that courts might differ on concerning the sufficiency of prior proceedings. It is the officer's duty to obey such a process without question. To hold that, before acting, he must take counsel and decide whether the complaint states a case justifying the warrant, would be intolerable. That is the duty of the court that issues the process, not of the officer who executes it.

The statute (section 1553, R. L. 1905) providing for the issuance of a search warrant commanding the officer to search and seize intoxicating liquors found in an unlicensed drinking place does not require that the warrant shall state that the place is an unlicensed drinking place. It should describe the premises to be searched and the property to be seized; but we know of no rule making such a warrant void on its face, if it does not contain a statement of the offense charged in legal and accurate language.

The search warrant is not intended to notify the defendant of the particular offense with which he is charged, as is the warrant of arrest. The defendant does not prepare his defense according to the charge of the search warrant, nor would the language of such warrant have any bearing on the question of defendant's availing himself of an acquittal or conviction in bar of a subsequent prosecution. The search warrant might have been a separate writing, or issued on a separate complaint; but it was legal to include it in the arrest warrant, and to base it upon the same complaint. The warrant was sufficient as a warrant of arrest, and that the grand jury found no indict-

ment does not affect the question whether the search warrant protected the officer.

We hold that the warrant was fair on its face, issued by a court that had jurisdiction of the subject-matter, and that it fully protected the marshal and the citizens called in by him to assist in the search and seizure. See Gray v. Davis, 27 Conn. 447; Gurney v. Tufts, 37 Me. 130, 58 Am. Dec. 777; Sandford v. Nichols, 13 Mass. 286, 7 Am. Dec. 151; Smith v. Jones, 16 S. D. 337, 92 N. W. 1084; Stewart v. Hawley, 21 Wend. 552; Melcher v. Scruggs, 72 Mo. 406; Mechem, Public Officers, § 632; 35 Cyc. 1744, 1754, and cases cited. We assume, without so deciding, that the liability of these citizens rests on the same basis as the liability of the marshal.

There was no pleading and no evidence sufficient to justify submitting to the jury the question of a conspiracy. Our conclusion is that the trial court rightfully directed a verdict for the defendants.

Order affirmed.

PHILIP E. BROWN, J., being absent on account of illness, took no part.