# H. A. MANTER v. DAN PETRIE and Others.[1]

November 7, 1913.

Nos. 18,334—(79).

**Intoxicating liquor — property in custodia legis.**

1. Property seized by an officer pursuant to a warrant issued under section 1553, R. L. 1905, in proceedings against an unlicensed drinking place is, after seizure, in the custody of the law, and the possession thereof by the officer cannot be disturbed until the proceedings are terminated, and an order of the court disposing of the property is made and served upon him, or in some way brought to his official attention.

**Same — action against officer.**

2. Until such order is made by the court neither an action for the possession, for the conversion, or for the loss of the property by the negligence of the officer can be maintained by the owner of the property or by any person claiming an interest therein.

**Complaint defective.**

3. Complaint construed and *held* not to state a cause of action for the recovery of the value of such property, in that it does not allege that an order had been made by the court directing its return to plaintiff.

Action, transferred to the district court for Beltrami county, against defendant sheriff and the sureties upon his official bond to recover the sum of $1,000 for personal property taken by him upon a search warrant. The case was tried before Stanton, J., who sustained defendant's objection to the reception of any evidence under the complaint on the ground that it did not contain facts sufficient to constitute a cause of action. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Charles W. Schrutchin,* for appellant.

*P. V. Coppernoll,* for respondents.

[1] Reported in 143 N. W. 907.

Note.—For authorities on the question of the right to sell property while in custody of law, see note in 1 L.R.A.(N.S.) 1055.

BROWN, C. J.

At the opening of the trial of this action, and after the first witness had been called and sworn, defendants objected to the introduction of any evidence under the complaint, on the ground that it failed to state facts sufficient to constitute a cause of action. The objection was sustained and the trial thus ended. Plaintiff appealed from an order denying a new trial. The only question presented is whether the court erred in this ruling.

The following facts appear from the complaint: Defendant Petric at the time in question was sheriff of Hubbard county, and defendants Stangler and Ressler were sureties on his official bond. On April 1, 1904, a justice of the peace of said county, acting under chapter 252, p. 398, Laws 1901, now section 1553, R. L. 1905, upon a complaint duly made and filed, issued a warrant in due form of law commanding the sheriff or any constable of said county to arrest one B. A. Manter, plaintiff's intestate, on the charge of keeping and maintaining an unlicensed drinking place, and to thoroughly search the premises kept by Manter and to seize and hold all intoxicating liquors, all vessels, all bar fixtures, screens, bottles and other appurtenances found therein and apparently used in retailing liquors in violation of law. The warrant was delivered to the defendant sheriff, for service, who, upon the date stated, arrested Manter and seized and took into his possession a large quantity of beer and numerous bottles, jugs, and other appurtenances usually kept in a saloon or unlicensed drinking place, including 1,700 cigars. Manter was taken before the justice on the warrant, and a transfer of the action was taken to an adjoining justice of the peace, before whom a trial was had, which resulted in the conviction of the accused. He appealed to the district court, and in June, 1904, was acquitted and the prosecution dismissed. After setting out at length these facts the complaint further alleges that the sheriff so negligently cared for the property that it became "consumed" and destroyed, to plaintiff's damage in the sum of $1,000, for which judgment was demanded. Defendant answered, denying generally the allegations of the complaint, except as expressly admitted. The action was commenced in April, 1905, nearly a year after the termination of the criminal prosecu-

tion. Plaintiff died in December, 1908, prior to which time no proceedings appear to have been had in the action, and the present plaintiff, administrator of the estate of the deceased plaintiff, represented by a new attorney, was substituted as plaintiff in June, 1911. After the order of substitution was made an amended complaint was served which in all respects, save the title to the action, was the same as the original. To this amended complaint defendants answered, setting forth certain new matter, not here necessary to be stated, to which plaintiff replied by general denial. The action was brought to trial in May, 1912, over seven years after its commencement. The complaint contains no allegation, and it is not claimed, that either the justice of the peace, before whom Manter was convicted, or the district court, on his acquittal, made any order respecting the disposition of the property taken under the warrant, either for its destruction or return to Manter; nor does the complaint allege or is it claimed that Manter before or after his acquittal in the district court demanded a return of the property, and herein lies the basis of the claim that the complaint fails to state a cause of action. The trial court held that, for the failure to allege the facts stated, the complaint was fatally defective. There was no application to supply the allegations by amendment which, had it been made, would undoubtedly have been granted. And since no amendment was asked for, and no claim is made that the facts stated exist, the case may be disposed of upon the merits of plaintiff's cause of action rather than upon a technical failure to plead necessary existing facts.

1. The question presented involves the duties and liability of the sheriff, and the rights of the person charged with a violation of law, in proceedings under section 1553, R. L. 1905. That statute was designed and intended as an aid in the suppression of the unlawful sale of intoxicating liquors, by providing for the seizure and destruction of liquors unlawfully kept for sale, and the punishment of the person owning or exposing the same to sale. It provides that, on complaint properly made to a magistrate having jurisdiction, a warrant shall be issued for the apprehension of the person charged, and commanding the officer to "seize and hold, subject to the order of the court," all intoxicating liquors and other appurtenances found in the

place where the unlawful business is charged to be conducted. The proceeding under the statutes is of a dual nature: Criminal in character as against the person accused, and quasi-criminal and in rem, as against the liquor and appurtenances used in connection with the sale thereof. State v. Learned, 47 Me. 426. If the person accused be found guilty, the statute commands that the liquors be destroyed and the other property forfeited to the use of the school fund. If the person accused be found not guilty, an order to restore the property to him should be made, except perhaps in a case where the person accused is not the owner of the property, and his acquittal be upon the ground that he was not the proprietor of the alleged unlicensed drinking place. In such a case, the fact being established that the liquor was kept for and was being sold in violation of law at an unlicensed drinking place, the court would no doubt be authorized to proceed against the liquors and in a proper case order their destruction. But this particular question is not presented and we do not decide it. We refer to it for the reason that the ground upon which Manter was acquitted in the case at bar does not appear from the complaint, and for the purpose of indicating that the mere acquittal of the person accused regardless of the grounds thereof, would not, as a matter of law, entitle him to a return of the property taken under the warrant. But as stated this question is not involved in the present action. We have only here to determine the duty of the officer and his liability in such cases.

In so far as concerns the liquors seized the proceeding is one in rem, with the contraband character of the property the primary question to be determined. The officer who serves the warrant and takes the property acts in his official capacity, and in response to the command of the writ. The property after seizure by him is in the custody of the law, awaiting the final determination of the issues presented, and he is wholly without authority to dispose of any part of it, except pursuant to directions of the court; the statutes involved in the case at bar commanded him to seize and hold the property "subject to the order of the court," and the general rule applicable to property in custodia legis controls his action in the premises. Black, Intox. Liquors, § 362; Funk v. Israel, 5 Iowa, 438; Fries & Co. v.

Porch, 49 Iowa, 351; Allen v. Staples [6 Gray], 72 Mass. 491; Foster v. Wiley, 27 Mich. 244; Western Seed & I. Co. v. McDonald, 5 Neb. (Unoff.) 553, 99 N. W. 517.

Nor can the officer be disturbed in his possession until the court makes an appropriate order in the premises. Though the statute does not expressly provide for the entry of an order disposing of the property on the acquittal of the person accused, that such an order should be made, not only for the guidance and protection of the officer, but as the final act ending the proceeding, seems clear. It is just as important as the order for the destruction of the property where the accused is found guilty. Commonwealth v. Intox. Liquor, 103 Mass. 454. The accused may apply for an order of restitution upon his acquittal, and it is the duty of the court, in a proper case to grant it. Com. v. Intox. Liquors, supra. But the failure of the court to make the same does not render the officer a wrongdoer or entitle any person whether the owner of the property or not, to disturb his official possession. Voetsch v. Phelps, 112 Mass. 407. Nor is it the duty of the officer to procure the order. He is not a party to the proceedings and is not required to take notice of the final determination thereof. Until he is informed in some official way of the acquittal of the accused person and of the order of the court disposing of the property, no action can be maintained against him. Hines v. Chambers, 29 Minn. 7, 11 N. W. 129; Foster v. Wiley, 27 Mich. 244, 15 Am. Rep. 185; 2 Freeman, Executions (2d ed.) § 302. Restoration of the owner's right of possession and a termination of the officer's right to retain the property, are indispensable to an action against the officer in such cases. And it is not important whether the owner sues for the possession of the property, for the wrongful conversion thereof, or for its loss by the negligence of the officer. Until the order of restoration is made the property remains in the custody of the law, subject to the order of the court, and the officer is immune from suit concerning it. So in the case at bar it not appearing that any order of the court restoring the property to Manter was ever made, the action was premature, and the court below properly held that the complaint failed to state a cause of action.

2. It is further contended by plaintiff that the sheriff wrongfully

123 M.—22.

took the 1,700 cigars, and that recovery may be had therefor without an order of the court. This presents an unimportant question. The property taken by the sheriff consisted of 48 barrels, each containing 6 dozen quart bottles of beer, 8 one-fourth barrels of beer, 23 cases of beer, 23 half-barrels of beer, 2 empty beer cases, two empty kegs, one case containing 16 quart bottles of beer, one sack of empty bottles, 2 barrels containing 72 bottles, beer signs, and the cigars, all of the alleged value of $1,000. The value of the cigars probably does not exceed $30, and in view of the fact that the precise question does not appear to have been called to the attention of the court below, either on the trial or by the motion for a new trial, we are not disposed to go beyond the face of the complaint in deciding the question whether recovery may be had therefor. It is quite probable that the cigars were not "appurtenances" to the unlicensed drinking place, within the meaning of the statute, and were improperly taken by the sheriff. We do not decide the question. But the complaint contains no allegation that they were wrongfully taken, on the contrary, the allegations are that all the property, liquors, paraphernalia, and cigars, was taken by the sheriff by authority of the warrant and that he negligently permitted it to be consumed and destroyed. Had the complaint expressly, or by fair implication, charged that the cigars were wrongfully taken, the contention plaintiff now makes would be sound. But no such allegations appear. Nor is the complaint in this respect aided by the answer wherein it alleges that the cigars were taken by mistake, and that defendant offered to return them to Manter, for those allegations are all denied by the reply and thus put in issue. We therefore hold that a wrongful taking of the cigars may not be made the basis of a recovery under the complaint. It there appears that the cigars were taken by authority of the warrant, therefore rightfully, and no order of the court or demand has been made for their return.

Order affirmed.