SARAH GARRETT *vs.* ROBERT MANNHEIMER and another.

October 11, 1877.

**Malicious Prosecution—Evidence of Defendant's Belief.**—In an action for malicious prosecution it is competent to ask the defendant, being a witness in his own behalf, whether, at the time when he instituted the prosecution complained of, he believed that the claim upon which the same was founded was a valid and legal claim against the person prosecuted. *Berkey* v. *Judd*, 22 Minn. 287, followed, as to the propriety of proving the motive of a person by his direct testimony as to such motive.

Appeal from an order of the district court for Ramsey county, *Brill*, J., presiding, denying a motion for a new trial.

*Smith & Egan*, for appellants.

*Allis & Allis*, for respondents.

BERRY, J. This is an action for the malicious prosecution by defendants of a suit against the plaintiff for goods sold and delivered. One of the defendants, being upon the stand as a witness for the defence, was asked: "Did you believe, at the time you instituted the suit complained of, that you had a valid and legal claim for that case against Mrs. Garrett?" The question was excluded for incompetency. This was error. Proof of actual malice being necessary to maintain an action for malicious prosecution, any evidence

legitimately tending to disprove such malice is competent and admissible in defence of such action. *McKown* v. *Hunter*, 30 N. Y. 625. Actual malice is a state or condition of mind. Whatever tends to show that the mind of the party charged with a malicious prosecution was free from actual malice in instituting the same is, therefore, competent evidence upon the question of malice. Evidence that, at the time of instituting the prosecution complained of, the party instituting the same believed the claim upon which it was founded to be a valid and legal claim against the defendant therein, has this tendency, because it goes to show that he was exercising what he believed to be a legal right, and, in the exercise of this right, he could not, in law, be regarded as acting with a malicious intent. In other words, the evidence is pertinent upon the material issue as to the party's state of mind when he instituted the prosecution, and as to his motive in so doing. This brings this case within the doctrine announced by this court in *Berkey* v. *Judd*, 22 Minn. 287, as follows: "The better rule, in our judgment, and the one supported by the weight of modern authority, is this: Whenever the motive, belief, or intention of any person is a material fact to be proved under the issue on trial, it is competent to prove it by the direct testimony of such person, whether he happens to be a party to the action or not."

Order reversed.