GEORGE S. GIFFORD *vs.* JOHN H. WIGGINS.

Submitted on briefs June 20, 1892. Decided July 7, 1892.

50 401
s18LRA 356
52LRA 788

**False Imprisonment, by Making Criminal Complaint.**

> A person who in good faith and without malice merely makes complaint before a magistrate of the commission of a public offense in a matter over which the magistrate has a general jurisdiction, and the magistrate issues a warrant, upon which the person charged is arrested, the party laying the complaint is not liable for an assault and false imprisonment, although the particular case may be one in which the magistrate had no jurisdiction.

**Same—For Violation of a Municipal Ordinance.**

> Rule applied to a case where the complaint was for the violation of a municipal ordinance which was in fact invalid.

Appeal by plaintiff, George S. Gifford, from a judgment of the District Court of Kandiyohi County, *Powers*, J., entered January 18, 1892, against him upon the pleadings.

The defendant, John H. Wiggins, made complaint December 9, 1890, before George Miller, a justice of the peace, that Gifford had violated an ordinance of the Village of Wilmar, prohibiting persons without a license, from peddling from house to house, goods not manufactured or grown in Kandiyohi county. A warrant was issued and Gifford was arrested, tried, convicted and committed to the common jail. He obtained from a Judge of the United States Circuit Court, a writ of *habeas corpus*, and was taken before him, where the ordinance was adjudged void, and Gifford discharged. He then brought this action against Wiggins for false imprisonment, stating these facts in his complaint. When the cause was reached for trial the court dismissed the action on the ground that the complaint did not state a cause of action against Wiggins.

*C. H. Childs*, for appellant.

In general, a party procuring an arrest under a void writ is liable in an action for false imprisonment. *Gold* v. *Bissell*, 1 Wend. 210; *Bonesteel* v. *Bonesteel*, 28 Wis. 245; *Chapman* v. *Dyett*, 11 Wend.

v.50M.—26

31; *Painter* v. *Ives*, 4 Neb. 122; *Develing* v. *Sheldon*, 83 Ill. 390; *Vredenburgh* v. *Hendricks*, 17 Barb. 179; *Fellows* v. *Goodman*, 49 Mo. 62; *Stensrud* v. *Delamater*, 56 Mich. 144; *Johnson* v. *Kettler*, 66 Ill. 63; *Kerr* v. *Mount*, 28 N. Y. 659.

*Samuel Porter*, for respondent.

When defendant presented his criminal complaint against Gifford, the justice made a decision that the facts stated constituted an offense, and that it appeared from a complaint that an offense had been committed, and he issued his warrant for the arrest of Gifford. A person making a criminal complaint under these circumstances, has no control over the justice, and knows that the warrant will issue or not issue as the justice may determine. He is not liable for the decision the justice may make. *Teal* v. *Fissel*, 28 Fed. Rep. 351; *Newman* v. *Davis*, 58 Iowa, 447; *McNeely* v. *Driskill*, 2 Blackf. 259; *Leigh* v. *Webb*, 3 Esp. 165; *Wheaton* v. *Beecher*, 49 Mich. 348; *Barker* v. *Stetson*, 7 Gray, 53; *Coupal* v. *Ward*, 106 Mass. 289; *Getzenleuchter* v. *Niemeyer*, 64 Wis. 316; *Murphy* v. *Walters*, 34 Mich. 180; *Manning* v. *Mitchell*, 73 Ga. 660.

MITCHELL, J. The material allegations of the complaint may be summarized as follows: The defendant made a complaint under oath to a justice of the peace in the village of Wilmar that plaintiff had violated the provisions of an ordinance of that village prohibiting peddling any goods, wares, merchandise, or other articles *not manufactured or grown within the county of Kandiyohi* without first having obtained a license therefor, and praying that the plaintiff might be arrested and dealt with according to law; that upon this complaint the justice issued a warrant, upon which the plaintiff was arrested and tried, and, upon the testimony of the defendant, adjudged guilty of a violation of the ordinance; that plaintiff was thereupon committed to jail, and there imprisoned until discharged on a writ of *habeas corpus*, on the ground that the ordinance in question was unconstitutional and void. There is no allegation that the complaint was made maliciously and without probable cause; hence the facts stated do not constitute a cause of action for malicious prose-

cution. If the complaint states a cause of action at all, it must be for false imprisonment. It is not alleged that defendant participated or took part in plaintiff's arrest, or officiously interfered therewith by giving orders or directions to the officers or otherwise. It is true that in the complaint to the justice he prayed that the plaintiff might be arrested and dealt with according to law, but this is what is done, impliedly at least, in every case where a complaint is made to a magistrate or court charging any person with a violation of public law. The allegation that the plaintiff was convicted on the testimony of the defendant adds nothing to the complaint. By testifying as witness, certainly defendant did nothing that rendered him liable unless he testified falsely, which is not charged. It is alleged that the confinement of plaintiff was "on account and by reason of the procurement and direction of the defendant," but, in the absence of any allegations of specific facts, this must be construed as having reference to the act of making the complaint upon which the warrant was issued. It is also alleged that this confinement was wrongfully, maliciously, and unlawfully procured by defendant, and that said confinement was without probable cause; but this has reference to and is qualified by what immediately follows, to wit, "In this, that said ordinance was and is wholly void and unconstitutional." Hence, after stripping the complaint of all mere verbiage, we have a case where all that it is alleged that defendant did was to lay before the justice the complaint upon which the justice issued the warrant on which the plaintiff was arrested; and the sole ground upon which defendant is claimed to be liable is that the ordinance under which the proceedings were instituted was void.

There is no doubt of the invalidity of the ordinance as "class legislation," for we have not yet arrived at the point where it is permissible to protect "home industries" under the guise of an exercise of the police power.

It is to be observed that the object of this prosecution was not the enforcement of any private right of the defendant. He did not make the complaint on his own account, or for his own private benefit. The complaint was for an alleged violation of public law, in which he represented, not himself, but the public,—an important distinc-

tion, which courts have sometimes overlooked, and which counsel for plaintiff seems to have failed to notice in the citation of cases.

It seems to be settled by an almost unbroken line of authorities that if a person merely lays a criminal complaint before a magistrate in a matter over which the magistrate has a general jurisdiction, and the magistrate issues a warrant upon which the person charged is arrested, the party laying the complaint is not liable for an assault and false imprisonment, although the particular case may be one in which the magistrate had no jurisdiction.

The law on this subject was as well stated as anywhere by Lord Abinger in *West* v. *Smallwood*, 3 Mees. & W. 417, as follows: "Where a magistrate has a general jurisdiction over the subject-matter, and a party comes before him and prefers a complaint, upon which the magistrate makes a mistake in thinking it a case within his authority, and grants a warrant which is not justifiable in point of law, the party complaining is not liable as a trespasser, but the only remedy against him is by an action upon the case if he has acted maliciously." See, also, *Leigh* v. *Webb*, 3 Esp. 165; *Carratt* v. *Morley*, 1 Q. B. 18; *Murphy* v. *Walters*, 34 Mich. 180; *Von Latham* v. *Libby*, 38 Barb. 339; *Barker* v. *Stetson*, 7 Gray, 53; *Langford* v. *Boston & Albany R. Co.*, 144 Mass. 431, (11 N. E. Rep. 697;) *Teal* v. *Fissel*, 28 Fed. Rep. 351. This rule has been frequently applied where the facts stated in the complaint did not constitute a public offense, and it can make no difference in principle whether this is because the facts stated do not bring the case within a valid statute, or because the statute under which the proceedings were instituted is invalid. In either case, the acts charged constitute no offense, because there is no law making them such. *Barker* v. *Stetson, supra,* was a case of the latter class. The present case comes fully within the rule. The justice had a general jurisdiction over the subject-matter, to-wit, prosecutions for the violations of village ordinances. The defendant merely stated the case to the magistrate in a complaint, without, so far as appears, bad faith or malice. The magistrate erred in thinking that the ordinance was valid, and that it was therefore a case within his authority, and issued a warrant which was not justifiable in point of law, and the plaintiff was arrested.

Under such a state of facts the complainant is not liable.   Under any other doctrine a person would never feel safe in making complaint of the commission of a public offense until the validity of the statute creating the offense had been passed upon by the court of last resort.

Order affirmed.

(Opinion published 52 N. W. Rep. 904.)

Submitted on briefs June 27, 1892.   Decided July 7, 1892.