WALTER AHLM v. VINCENT R. ROONEY AND ANOTHER, d.b.a. BOND CONSTRUCTION CO., AND ANOTHER.

143 N. W. (2d) 65.

June 3, 1966—No. 39,934.

---

[4] See, Coble v. Lacey, 257 Minn. 352, 101 N. W. (2d) 594.

260

*Nelson, Dever & Pearson,* for appellant.
*Robins, Davis & Lyons* and *Kenneth J. Weil,* for respondents.

FRANK T. GALLAGHER, C.

This appeal is taken from a judgment in favor of defendants, Vincent R. Rooney, a. k. a. Pat Rooney, and Katherine M. Rooney, in an action on a promissory note. The judgment was entered pursuant to an order granting summary judgment on the grounds that the only one liable on the note is Bond Construction Co., Inc., a separate and distinct corporate entity.

The complaint alleged that defendants, individually and doing business as Bond Construction Co. and as Bond Construction Co., Inc., had, on or about October 10, 1961, executed and delivered to plaintiff, Walter Ahlm, the following promissory note:

"$8,864.00                                              October 1, 1961
"On or before Jan. 10, 1962 Bond Const. Co. promise to pay to order of
    Walter Ahlm
"Eight Thousand Eight Hundred Sixty Four and no/Dollars

"Payable at 9000 Rockford Rd.

"Value received with Interest before and after maturity at the rate of 2 per cent per annum until paid.

"Due Jan. 10, 1962.            "Bond Construction Co. Inc.
                                       "Pat Rooney, Pres."

The defendants filed a general denial.

Plaintiff was a cement subcontractor who at various times had done cement work for construction projects undertaken by the Bond Construction Company. The amount represented by the note was given for labor and material furnished by plaintiff in connection with the cement work in the construction of approximately seven or eight residences in the northern suburbs of Minneapolis, mostly, if not all, during 1960. About a year after the work was completed and should have been paid for, the note in question was given to plaintiff. At no time has the obligation of the corporate entity, Bond Construction Co., Inc., been disputed. The issue is whether the defendants should also be held personally liable on the note.

In granting defendants' motion for summary judgment, the trial judge noted in his memorandum that the defendants had shown by affidavits and by deposition that they individually had never done business under the name of Bond Construction Co., Inc.; that the note was signed by Vincent Rooney in his capacity as president of Bond Construction Co., Inc.; that Bond Construction Co., Inc., constituted a separate corporation; and that the corporation operated through proper meetings and was preserved as a separate corporate entity. The trial judge went on to say:

"The plaintiff has made no showing whatsoever through the deposition of Vincent R. Rooney or otherwise on which the Court would be justified in disregarding the corporate entity and holding the individuals personally liable for the note of the corporation. Furthermore, the plaintiff did not present any affidavits or otherwise seeking a continuance to obtain further evidence under R.C.P. 56.06."

Plaintiff argues that there is a genuine issue of fact as to the personal liability of defendants and that the court erred in determining an issue

of fact rather than confining itself to determining whether there was a genuine issue and in basing its decision upon the merits of the case as the evidence existed at the time of the motion for summary judgment.

We are satisfied with the reasoning of the trial judge and therefore hold that no error was committed in granting summary judgment. Rule 56.03, Rules of Civil Procedure, provides in part as follows:

"* * * [Summary] [j]udgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law."

Rule 56.05 provides:

"* * * When a motion for summary judgment is made and supported as provided in Rule 56, *an adverse party may not rest upon the mere averments or denials of his pleading but must present specific facts showing that there is a genuine issue for trial.* If he does not so respond, summary judgment, if appropriate, shall be entered against him." (Italics supplied.)

■ In considering the application of the foregoing rules, we recognize that this court must "bear in mind that the moving party has the burden of proof and that the nonmoving party has the benefit of that view of the evidence which is most favorable to him." Sauter v. Sauter, 244 Minn. 482, 484, 70 N. W. (2d) 351, 353. Although summary judgment is intended to secure a just, speedy, and inexpensive disposition, it is not designed to afford a substitute for a trial where there are issues to be determined. Sauter v. Sauter, *supra;* Bustad v. Bustad, 263 Minn. 238, 244, 116 N. W. (2d) 552, 556. In passing upon a motion for summary judgment, the sole function of the trial court is, therefore, to determine whether there is an issue of fact to be tried. Bennett v. Storz Broadcasting Co. 270 Minn. 525, 531, 134 N. W. (2d) 892, 897.

■ Rule 56 was amended in 1959 to provide that if a summary judgment motion is supported by affidavits, depositions, etc., the nonmoving party cannot rely on assertions in his pleadings to create fact issues. If the summary judgment motion is to be properly contested, the adverse

party must present specific facts showing a genuine issue for trial unless, of course, the facts asserted by the moving party fail to adequately negate any issue of fact raised by the pleading. This is the gist of Rule 56.05. See, 3 Youngquist & Blacik, Minnesota Rules Practice, Comments by James L. Hetland, Jr., 1965 pocket part, pp. 16 to 18; Federal Rules of Civil Procedure, Rule 56(e); 6 Moore, Federal Practice (2 ed.) par. 56.22[2].

With these principles in mind we address ourselves to the case at hand.

Plaintiff contends that 'defendants, doing business as Bond Construction Co., Inc., are obligated on a promissory note signed only by Vincent Rooney (a. k. a. Pat Rooney) in his capacity as president of Bond Construction Co., Inc. Under well-recognized principles of negotiable instruments and corporate law, the only person that could be held liable on this note is Bond Construction Co., Inc., unless it can be shown that the company is not a legal corporate entity or that special grounds exist for disregarding the corporate entity for the purpose of holding defendants personally liable. Defendants have introduced evidence that Bond Construction Co., Inc., was duly incorporated on February 2, 1951, that all the formalities of a separate corporate existence have been pursued since then, and that adequate capital was given for the issuance of the corporate stock to meet its legal stated capital requirement of $1,000. No evidence was introduced in rebuttal. Indeed there is nothing in the pleadings to suggest that Bond Construction Co., Inc., should not immunize defendants from personal liability other than the fact that they have been named in the complaint as doing business as Bond Construction Co., Inc. In this regard, it is significant that both defendants have stated in uncontradicted affidavits that at no time did they conduct their affairs in an individual capacity under the name of Bond Construction Co., Inc.

Plaintiff also argues that the method by which Bond Construction Co., Inc., financed its operations might provide some grounds for holding defendants personally liable. In the deposition taken of Vincent R. Rooney, it was disclosed that Bond Construction Co., Inc., would purchase land, commence building on it, and then, at some stage, sell the building and land to Vincent Rooney who in turn would obtain a mortgage on the property. The proceeds from these mortgages were in effect

used to purchase the land and pay for the cost of construction. Any profits earned by Bond Construction Co., Inc., were left in the corporation for further expansion and development. No evidence was introduced to suggest that this method of financing was used to deplete the corporation's assets by means of a bargain sale or the like, nor was there any evidence that defendants intermingled their personal funds with those of the corporation so as to misrepresent its true financial capability. In the absence of such evidence no inference of fraud can be drawn from the corporation's method of financing to justify holding its sole two stockholders personally liable for indebtedness incurred by it.

Plaintiff seems to rely in the final analysis on the claim that Bond Construction Co., Inc., was completely dominated by Vincent R. Rooney, who, along with his wife, were the only shareholders in the corporation. Evidence in support of plaintiff's claim of domination is overwhelming. This is a phenomenon, however, which exists in just about any closely held corporation, especially now that the legislature has expressly provided that the board of directors may be limited to the number of shareholders if there be only one or two shareholders. Minn. St. 301.28, subd. 1, as amended by L. 1965, c. 504, § 6. The fact that our legislature allows a corporation to be formed with only one shareholder is a clear enough indication of their intent that domination of the corporation by a single shareholder should never be sufficient grounds in itself for holding the shareholder personally liable for debts incurred by the corporation. In this regard, Vincent Rooney's sworn statement that all business transactions entered into between plaintiff and himself were for and on behalf of Bond Construction Co., Inc., is particularly noteworthy. Again no evidence was offered in rebuttal.

The only possible issue of fact is whether or not defendants were doing business as Bond Construction Co., Inc., under circumstances which would justify holding them personally liable on the note alleged in plaintiff's complaint. We hold that defendants fairly sustained the burden of showing that, as far as the record is concerned, no *genuine* issue of fact exists as to whether or not their connection with the Bond Construction Co., Inc., justifies holding them so liable. It then became incumbent on plaintiff to introduce for the record evidence in opposition to the motion

for summary judgment. He may not rest on the mere averment in his pleading that defendants were doing business as Bond Construction Co., Inc.[1]

Affirmed.

---

[1] It is recognized that determination of whether or not there are sufficient grounds for piercing the corporate veil should not normally be disposed of by summary judgment because of the complex economic questions often involved, especially if fraud is alleged. 6 Moore, Federal Practice (2 ed.) pars. 56.17[27] and 56.22[2]. In light of plaintiff's failure to articulate more precisely in his complaint grounds for holding defendants personally liable on the note, and his failure to produce any evidence in support thereof or even to request a continuance for that purpose, we find that this case is a proper exception to the rule. 6 Moore, Federal Practice (2 ed.) par. 56.11[3].