# VELVA ROSVALL v. ROGER PROVOST AND OTHERS.

155 N. W. (2d) 900.

January 12, 1968—No. 40,574.

*Chester A. Bruvold* and *Ben R. Toensing,* for appellant.
*William Merlin,* for respondents.

SHERAN, JUSTICE.

Appeal from a judgment of the district court.

Plaintiff, Velva Rosvall, instituted an action for damages, claiming that defendants had confiscated a number of dogs owned by her to her loss in the sum of $655; that as a result of a course of conduct stemming from difficulties involving these dogs, defendants had removed

plaintiff from her home, confined her in jail, and caused her to be placed in the Anoka State Hospital, all to her damage in the sum of $25,000; and that, as a consequence of plaintiff's enforced absence from her home, damage to it and its contents in the amount of $5,000 was sustained. Defendants acknowledged liability for the value of the dogs as claimed. Their motion for summary judgment as to the remainder of plaintiff's cause of action was granted. The judgment from which this appeal is taken was then entered.

The issue in the case is whether the record clearly demonstrates that plaintiff has no claim against these defendants for such damage as may have resulted from her absence and confinement. The record available to the trial court included (a) the pleadings, including the complaint which alleges that the acts of defendants Roger Provost, Al Flynn, and Jerry Nelson were done "as the officers and agents" of the city of Coon Rapids pursuant to an unconstitutional ordinance and that the conduct of these defendants was "willful, intentional, malicious, illegal and negligent"; (b) answers by plaintiff to interrogatories submitted by defendants; (c) a discovery deposition of plaintiff taken by defendant; and (d) complaints signed by defendant Provost and affidavits of William Merlin, Gerald D. Nelson, and Thomas G. Forsberg,[1] judge of the municipal court of the city of Coon Rapids, giving the details of the affair.

Coon Rapids City Code, § 8.01, provides that a person maintaining more than three dogs on occupied premises in the city must have a dog kennel license. On September 14, 1961, Provost, the city's dog catcher, filed a complaint under oath in the municipal court of the city of Coon Rapids charging that plaintiff was maintaining a dog kennel in the city without the required license. On September 18 plaintiff appeared in the municipal court and entered a plea of guilty. A fine of $100 was imposed (with imprisonment the specified alternative of payment), but

---

[1] While the affidavit of Thomas G. Forsberg was verified on August 24, 6 days after the hearing on the motion for summary judgment, this was 5 days before the order granting the motion for summary judgment. Because it has been included in the record by plaintiff, we assume that it was properly before the court at the time the order for summary judgment was granted.

sentence was suspended until September 23 upon condition that plaintiff would secure a kennel license or would get rid of all except three dogs. Not having secured such license by October 23, plaintiff was given 10 days to dispose of the dogs.

On January 25, 1962, Provost applied to the municipal court for a warrant authorizing a search of the premises occupied by Mrs. Rosvall. A warrant issued from that court authorizing any police officer of the city to enter the Rosvall premises to search for unlicensed dogs and to bring the "property when found, and the person or persons in whose possession such property is found," before the court. See, State v. Stoffels, 89 Minn. 205, 94 N. W. 675.

Gerald D. Nelson, with the assistance of Provost and one Al Flynn, executed the warrant on January 29 at about 9:45 a. m. Nelson is a Coon Rapids police officer and Flynn is the city's building inspector. After preliminary resistance on the part of Mrs. Rosvall which was concluded by her apprehension, the search was carried out. Twelve dogs and five puppies, all unlicensed, were found on the premises. These dogs were seized. Mrs. Rosvall was brought before the municipal court that evening.

Nelson claims in his affidavit that on the morning of January 30, 1962, he was informed that Mrs. Rosvall was refusing to eat at the county jail. He discussed the problem with the county attorney. A "Petition for Commitment" was prepared by the county attorney's office, which Nelson executed. This petition contained the following statement with respect to Velva Rosvall:

"Maintains herself in her home in such an unsanitary condition and did have in her home 29 dogs, and that the filth and debris and garbage in her home evidence very unsanitary conditions; that she has written strange letters, evidences unreasonable behavior; when confined to the County Jail she has refused to eat and carries on in an unreasonable and irrational manner."

Except for these acts, Nelson had no knowledge of or other relationship with Mrs. Rosvall.

Judge Forsberg, in his affidavit dated August 24, 1966, avers:

"* * * That on September 18, 1961 the said Velva Rosevall appeared before affiant, Judge of the Municipal Court of the city of Coon Rapids, and entered a plea of guilty to the offense of operating a kennel without a license. She stated that she would either secure a license from the City of Coon Rapids or reduce the number of dogs in her possession to 3, in which case a kennel license was not required. The Court in deference to her request imposed a fine of $100.00 or 30 days but suspended sentence upon condition that she do one or the other (secure a license or get rid of all dogs in excess of 3), by September 23, 1961. She failed to comply with the conditions but appeared in Court on September 23, 1961 asking for an extension of time as she would be appearing before the City Council. Affiant granted an additional extension to September 30, 1961.

"Again, she failed to comply with the Court's suspension order and, again, the Court extended her time to October 18, 1961. On or about January 1, 1962 the Police reported to the Court that she had not complied with the Court suspension order. The Court was reluctant to revoke the suspension order on the basis of information thus furnished so the Police requested a search warrant and executed a search warrant complaint and, accordingly, a search warrant was issued on January 25, 1962. The warrant was couched in the statutory language (M. S. A. 626.03) and a direct copy of Miller-Davis Form No. 551. The Court heard no more on the matter until the evening of January 29, 1962, when the Court was holding its weekly session.

"At that time, the Police brought in Mrs. Rosvall and filed with the Court a notice to appear indicating that she had been arrested for disorderly conduct. The Court was then informed that the Police had found several dogs on her premises. The Court was unaware at that time that the dogs were actually disposed of. The Court inquired of Mrs. Rosvall whether she denied that she had possession of more than 3 dogs allowed by the ordinance, and she did not deny that she had the dogs, but again promised to get rid of them. The Court then revoked the suspension and ordered the imposition of the fine of $100.00 or 30 days. She indicated she could not, nor would she ever be able to pay the fine and, accordingly, the Court ordered the Clerk to prepare a commitment

and it was duly executed. Mrs. Rosvall was returned to the jail that evening."

The judge of the probate court of Anoka County issued an order dated January 30, 1962, directing the sheriff of that county "to bring said Velva Rosevall to Anoka State Hospital for examination as to her mental illness according to the statute in such case made and provided." He also issued an order authorizing the superintendent of Anoka State Hospital to confine Velva Rosvall "for observation and examination until further order of this Court, as provided by Minnesota Statutes, 1945, Section 525.751, as amended."

On February 10, 1962, the probate judge, having been advised by the authorities at the Anoka State Hospital that Velva Rosvall was not mentally ill and not in the need of treatment, authorized her release.

The legal principles having application to this case are well established. If the action taken by the individual defendants in their capacities as employees of the city of Coon Rapids constituted a good-faith effort on their part to perform the duties of their positions as they understood them to be, the fact that the ordinance being enforced may have been invalid is immaterial. Gifford v. Wiggins, 50 Minn. 401, 52 N. W. 904, 18 L. R. A. 356. The fact that the licensing ordinance might have been subject to direct attack or that the city council may have improperly delayed or denied issuance of the kennel license to plaintiff was not the fault of these defendants. One who merely lays facts before a judicial official in a matter over which he has jurisdiction is not liable for detention under process issued by such official although its issuance may have been erroneous in the particular case. Gifford v. Wiggins, *supra.* An action for false imprisonment may not be maintained where an arrest or detention is made by virtue of process legally sufficient in form and duly executed by a court or official having jurisdiction to issue it. Peterson v. Lutz, 212 Minn. 307, 3 N. W. (2d) 489.

Malice is required to establish malicious prosecution, Jones v. Flaherty, 139 Minn. 97, 165 N. W. 963; Cox v. Lauritsen, 126 Minn. 128, 147 N. W. 1093; Garrett v. Mannheimer, 24 Minn. 193; and a willful use of process to accomplish a result for which it was not designed is required to establish abuse of process. Hoppe v. Klapperich,

224 Minn. 224, 28 N. W. (2d) 780, 173 A. L. R. 819. Having acted in good faith in compliance with the advice of the county attorney is a complete defense for a public official charged with malicious prosecution. See, Gilbertson v. Fuller, 40 Minn. 413, 42 N. W. 203; Baldwin v. Capitol Steam Laundry Co. 109 Minn. 38, 122 N. W. 460.

Upon a motion for summary judgment supported by affidavits setting out specific facts which, if true, would demonstrate the absence of a cause of action, the adverse party cannot preserve his right to a trial on the merits merely by referring to unverified and conclusionary allegations in his pleading or by postulating evidence which might be developed at trial in the course of cross-examination of adverse parties under the rules. See, Ahlm v. Rooney, 274 Minn. 259, 143 N. W. (2d) 65. He must instead present specific facts showing a genuine issue for trial.

In the present case defendants have set forth the details of the situation, which make it clear that the employees of the city were acting in good faith as directed by competent authority. The warrant executed on January 29, 1962, was issued upon a verified complaint by a court having jurisdiction to direct the search and apprehension. The petition for commitment was filed after consultation with the county attorney, in whose office it was prepared. The confinement at the Anoka State Hospital was pursuant to an order of the probate court of that county, the tribunal having jurisdiction and responsibility for decision. There is no showing whatever that any of the defendants were motivated by ill will to misrepresent the facts on which the municipal court acted; or those upon which the county attorney gave his advice; or those upon which the probate court issued its order of January 30, 1962. Plaintiff's own deposition negatives her claim that excessive force was used at the time of her apprehension. Finally, nothing has been shown which supports plaintiff's allegations that damage to her house or its contents occurred before her release from the hospital at Anoka and was directly caused by fault of the defendants. The plaintiff had a good claim for the loss of her dogs and this the city of Coon Rapids has acknowledged, agreeing to pay her the full amount of her loss in this respect.

Affirmed.