## JOHN B. MORGAN AND ANOTHER v. DANIEL P. McLAUGHLIN AND OTHERS.

188 N. W. (2d) 829.

June 25, 1971—No. 42674.

*William W. Essling,* for appellants.

*Daniel A. Klas,* Corporation Counsel, and *A. Keith Hanzel,* Assistant Corporation Counsel, for respondents McLaughlin, Morehead, Burke, and city of St. Paul.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Kelly, JJ.

PETERSON, JUSTICE.

Plaintiffs, John B. Morgan and David C. Morgan, appeal from summary judgment dismissing their claims against defendant city of St. Paul and defendants Daniel P. McLaughlin, Robert F. Morehead, and Thomas G. Burke, police officers of the city, for alleged wrongful arrest and search, false imprisonment, and malicious prosecution. We affirm.

An armed robbery occurred at a farm home in Wabasha County on August 19, 1965. From photographs shown to her, one of the victims identified plaintiff David Morgan, a resident of St. Paul, as one of the robbers. Sheriff Ed Lager of Wabasha County thereupon obtained a warrant for Morgan's arrest from the judge of the Wabasha County probate court on September 20, 1965.

Sheriff Lager came to St. Paul on September 22, 1965, and presented the arrest warrant to Richard H. Rowan, deputy chief of the police department, with a request for assistance in making the arrest and in obtaining a search warrant for the St. Paul home of plaintiff John Morgan, where David Morgan also resided. Chief Rowan assigned defendants McLaughlin and Morehead to assist Sheriff Lager. They accompanied Lager to the home of the Honorable James M. Lynch, a judge of the St. Paul municipal court, who issued the requested search warrant.

Sheriff Lager, together with two of his own deputies and defendants McLaughlin and Morehead, went to the Morgan home on September 23, 1965, at which time David Morgan was arrested and the Morgan home was searched. Defendant Thomas Burke and another patrolman were at that time summoned by police radio to assist in the arrest, after which they took David to St. Paul police headquarters. The search of the Morgan home was apparently unproductive, but David was later transported by Sheriff Lager to Wabasha County. After being confined in jail there for 36 hours, he was released. This civil litigation was thereafter instituted.

Plaintiffs' complaint alleges in general terms that these and

other defendants, acting individually and in concert, "intentionally, maliciously, negligently, without any semblance of probable cause, with reckless disregard of the rights of plaintiff, David C. Morgan," did "cause the plaintiff, David C. Morgan, to be unlawfully and wrongfully arrested [and] falsely imprisoned" and did "cause the persons of plaintiffs and members of their family and the family home to be unlawfully and wrongfully searched."

■ The dismissal of the claims of plaintiff David Morgan against these three defendant police officers for false arrest and imprisonment was proper and, indeed, compelled. The officers were performing an official duty in executing an arrest warrant which was valid on its face and was issued by a court having jurisdiction of the subject matter. Hoppe v. Klapperich, 224 Minn. 224, 238, 28 N. W. (2d) 780, 790. There is no distinction in this case between the claims for false arrest and false imprisonment, for any participation of these defendants ended when this plaintiff was taken by Sheriff Lager to imprisonment in Wabasha County.

The claim of plaintiff John Morgan for the search of his home, as well as any claim of plaintiff David Morgan with respect to that search, was for like reason properly dismissed by summary judgment. Ingraham v. Booton, 117 Minn. 105, 134 N. W. 505.

■ Plaintiffs' real claim seems to be for malicious prosecution rather than for false arrest or imprisonment. These offenses are, to be sure, closely related, but they are distinguishable. The gist of the latter is the taking of action, without due form of law, which wrongfully interferes with the liberty of another, but the gist of the former is the malicious instigation of a prosecution without probable cause. See, 32 Am. Jur. (2d) False Imprisonment, § 4; Wolley v. Chapman, 175 Minn. 184, 220 N. W. 604. And see Cox v. Lauritsen, 126 Minn. 128, 147 N. W. 1093, and Eastman v. The Leiser Co. 148 Minn. 96, 181 N. W. 109.

The basic question for decision, therefore, is whether there is a genuine issue of fact as to the defendants being instrumental, as plaintiffs contend, in the procurement of the warrants for

search and arrest and, if so, as to their malice and want of probable cause in so doing. We hold, on the basis of plaintiffs' complaint and the affidavits supporting and opposing defendants' motion for summary judgment, that the trial court rightly concluded that no issue of fact for trial was presented.

There is no indication whatever that any of these respondent defendants had any role in the issuance of the criminal complaint or the procurement of the arrest warrant in Wabasha County, for, other than plaintiffs' general allegation of a conspiracy, all that appears is that officers in the St. Paul Police Department other than those named as defendants had, upon request, furnished a record check and photograph of plaintiff David Morgan to Sheriff Lager. The role of respondent defendants in the procurement of the search warrant from Judge Lynch was, at most, passive. The affidavit of Judge Lynch, confirming affidavits of defendants McLaughlin and Morehead, states that the petition for the warrant was made by Sheriff Lager and the probable cause therefor was found solely on the basis of Lager's own affidavit and his sworn responses to interrogation by Judge Lynch. These defendants simply accompanied Sheriff Lager to the home of Judge Lynch and thereafter assisted in the execution of the warrants. Although the existence of malice is in such circumstances irrelevant, the affidavits filed by defendants McLaughlin, Morehead, and Burke in support of the motion for summary judgment state that plaintiff was not personally known to these defendants, which would hardly raise an inference that they bore him any personal malice.

The general allegations of the complaint, reiterated in the affidavits of plaintiff David Morgan, do not tend to negate the competent and specific statement of facts contained in these defendants' affidavits. To the extent that David's affidavits purport to allege facts supporting his assertion that the original proceedings were commenced without probable cause, they are palpably hearsay as to these defendants and are not made more competent by the assertion that they were conspirators who

knew of the "serious doubts" as to the probable cause for the arrest and search warrants and "negligently and carelessly failed to communicate" their doubts to Judge Lynch.

We have repeatedly held that under Rule 56.05, Rules of Civil Procedure, upon a motion for summary judgment the party opposing the motion cannot rely upon the naked allegations of his pleadings and must present specific facts showing genuine issues for trial unless the facts adduced by the moving party fail to negate facts sufficiently alleged in the pleadings. Callender v. Kalscheuer, 289 Minn. 532, 184 N. W. (2d) 811; Borom v. City of St. Paul, 289 Minn. 371, 184 N. W. (2d) 595; Rosvall v. Provost, 279 Minn. 119, 155 N. W. (2d) 900; Ahlm v. Rooney, 274 Minn. 259, 143 N. W. (2d) 65. The burden of proof of the essential elements of malice and lack of probable cause is on the plaintiff in a civil action for malicious prosecution. Eastman v. The Leiser Co. *supra;* Wolley v. Chapman, *supra.* The burden of proof should be a substantial one in an action against police officers acting within the normal scope of law-enforcement duties. It is sufficient for decision in this case to hold that the pleadings and affidavits disclose no genuine issue of fact whatever.

Affirmed.

MR. JUSTICE OTIS took no part in the consideration or decision of this case.