## ALBERT THOMAS O'NEIL, SR. v. FALLON KELLY AND OTHERS, ALSO KNOWN AS AND d.b.a. KELLY SEGELL & FALLON.

239 N. W. 2d 231.

February 6, 1976—Nos. 45774, 45827.

*Albert Thomas O'Neil, Sr.,* pro se, for appellant.

*Altman, Geraghty, Mulally & Weiss, J. H. Geraghty,* and *Frank Abramson,* for respondents.

PER CURIAM.

The two appeals decided by this opinion arise from the same lawsuit and therefore have been consolidated for purposes of decision.

Plaintiff commenced this lawsuit in November 1972 against attorneys Fallon Kelly, Hyam Segell, and William S. Fallon, claiming that they had negligently represented him during divorce proceedings in 1965, 1966, and 1967. In October 1974, after discovery was completed, defendants Segell and Fallon moved for summary judgment, a motion which the trial court granted on December 19, 1974. On January 6, 1975, the day set for trial of the remaining defendant, plaintiff appeared and moved for relief from the order for summary judgment. Plaintiff also

sought an order for a continuance, stating that if the motion was granted he would need 3 to 4 weeks so that he could subpoena witnesses, and that if it was not granted he would want a continuance so he could appeal the summary judgment. The trial court denied plaintiff's motion and stated to plaintiff that he should be prepared for trial the following day and that he still had time to prepare and serve the necessary subpoenas. Plaintiff responded that he had no intention of appearing the following day. It was this failure to appear that resulted in the court's granting a motion for dismissal with prejudice for failure to prosecute. Rule 41.02, Rules of Civil Procedure.

Plaintiff's first appeal is from the summary judgment. Rule 56.05, Rules of Civil Procedure, provides that when a party moves for summary judgment and properly supports his motion, the adverse party may not rest upon the mere averments or denials of his pleadings and may not rely on the possibility that he will be able to develop evidence at trial, but must present specific admissible facts showing a material fact issue. Rósvall v. Provost, 279 Minn. 119, 155 N. W. 2d 900 (1968), and Ahlm v. Rooney, 274 Minn. 259, 143 N. W. 2d 65 (1966). With these principles in mind, we hold that the trial court correctly granted summary judgment. There was no dispute as to the facts.

Plaintiff's second appeal is from the order granting the motion to dismiss for failure to prosecute. We would not be required to reach this issue because the appeal was not timely. See, Erickson v. Nelson, 275 Minn. 561, 146 N. W. 2d 768 (1966); 2 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 199. Nonetheless, we express our opinion that plaintiff's refusal to appear for trial as scheduled justified the dismissal order. Moreover, we feel compelled to point out that this is one further case in a series of lawsuits brought by the same plaintiff against almost everyone who was in any way connected with his original divorce suit. We have examined the files and find that plaintiff participated in the divorce negotiations for settlement and in the stipulation arrived at pursuant to those negotiations. Now, on hindsight, he feels the settlement arrived at was not a good one and finds everyone at fault except himself.

We find his lawsuit, on the merits, to be without foundation.[1]

Affirmed.

Mr. Justice Kelly took no part in the consideration or decision of this case.

---

[1] O'Neil v. Corrick, 307 Minn. 497, 239 N. W. 2d 230 (1976); O'Neil v. Swan, 299 Minn. 206, 218 N. W. 2d 457 (1974).