**TRI–STATE INSURANCE COMPANY OF LUVERNE, Minnesota, Appellant,**

v.

**LINDSAY BROS. COMPANY, Defendant,**

**Delux Manufacturing Company, Respondent.**

No. C5–84–1718.

Court of Appeals of Minnesota.

April 2, 1985.

Daniel L. Giles, Marshall, for appellant.

Garrett E. Mulrooney, Jr., Minneapolis, for defendant.

Terri J. Stoneburner, Mankato, for respondent.

Considered and decided by HUSPENI, P.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

This is an appeal from a summary judgment dismissing appellant Tri-State Insurance Company's cause of action in negligence against respondents Delux Manufacturing Company and Lindsay Brothers Company for damages to a product caused by an alleged defect in the product. We affirm.

## FACTS

In July of 1978, Farmer's Cooperative Elevator (Farmer's) ordered a commercial grain dryer from Lindsay Brothers Company (Lindsay). The grain dryer was manufactured by Delux Manufacturing Company (Delux) and was delivered and installed by Lindsay in September of 1978. On October 22, 1982, a fire occurred in the grain dryer and resulted in damages of $47,000 to that dryer. Tri-State Insurance Company (Tri-State), Farmer's insurer, paid to Farmer's the sum of $47,000 as indemnity for the damage, and brought this subrogation suit, alleging negligence in the design of the grain dryer and breach of warranty.

Delux and Lindsay moved for summary judgment arguing that Tri-State's claim for breach of warranty was barred by the statute of limitations, and that the claim of negligence was for economic loss arising out of a commercial transaction which does not involve personal injury or damage to other property.

The trial court granted the summary judgment motions of Delux and Lindsay, ruling that the damage to the grain dryer was within the purview of economic loss not recoverable under negligence theory pursuant to *Superwood Corp. v. Siempelkamp Corp.*, 311 N.W.2d 159 (Minn.1981). Tri-State appeals dismissal of its negligence claims. It does not appeal dismissal of the breach of warranty claims.

## ISSUE

May plaintiff recover under negligence theory for damages to a product caused by a defect in the product itself, when the defect creates an unreasonable risk of injury to person or property, but causes no personal injury or damage to other property?

## ANALYSIS

Tri-State asserts that the fuel delivery system in the grain dryer was negligently designed with improperly sized orifices, which allowed fuel to be delivered to the dryer burner at a rate in excess of the burner's capacity. Tri-State argues that this resulted in overheating and the subsequent fire of October 22, 1982. Tri-State characterizes the alleged defect as creating an unreasonable risk of injury to person or property. It urges this court to adopt the rationale embraced in other jurisdictions which would allow recovery under strict liability or negligence theories for damages to a defective product in a commercial transaction when the damages arise from an unreasonably dangerous defect. See, e.g., *Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co.*, 652 F.2d 1165 (3rd Cir.1981) (applying Pennsylvania law); *Cloud v. Kit Mfg. Co.*, 563 P.2d 248 (Alaska 1977); *Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill.2d 69, 61 Ill.Dec. 746, 435 N.E.2d 443 (1982).

This case presents an issue analagous to one recently considered in *St. Paul Fire & Marine Ins. v. Steeple Jac*, 352 N.W.2d 107 (Minn.Ct.App.1984), *petition for rev. denied.* The court in *Steeple Jac* was unable to distinguish that case from *Superwood.* The *Superwood* court held that:

> economic losses that arise out of commercial transactions, except those involving personal injury or damage to other property, are not recoverable under the tort theories of negligence or strict products liabilities.

*Superwood* at 162.

Tri-State, however, argues that the Minnesota Supreme Court in a recent decision has indicated approval of the trend to allow recovery under negligence or strict liability theories for damages to a defective product in a commercial transaction when the damages arise from an unreasonably dangerous defect.

Generally, "economic loss" has been defined as resulting from the failure of the product to perform to the level expected by the buyer and commonly has been measured by the cost of repairing or replacing the product and the consequent loss of profits, or by the diminution in value of the product because it does not work for the general purposes for which

it was manufactured and sold. [Citations omitted.] * * *

We need not determine here whether such damages, under certain circumstances not here existing, will ever be recoverable in tort. In passing, we note that other courts have focused not on whether property damage has occurred to "other property" but instead on the nature of the defect and the manner in which the damage occurred. [Citations omitted.] Where the damage results from deterioration, internal breakage, depreciation, or failure to live up to expectations, these courts would allow recovery only on a contract or warranty theory. Where the damage results from hazardous conditions or a sudden and calamitous occurrence, however, these courts would allow recovery under a tort theory. The rationale for this distinction is that tort law imposes a duty on manufacturers to produce safe products regardless of whether the ultimate impact of the hazard is on people, other property, or the product itself. [Citation omitted.] Contract or warranty law, on the other hand, has been traditionally concerned with redress of a purchaser's disappointed expectations. [Citations omitted.]

In the present case, no sudden or calamitous event caused the brick deterioration. Rather, the brick did not meet MSFA's expectations and gradually deteriorated. Thus the "expectation-bargain protection policy of warranty law" and not the "safety-insurance policy of tort law" is more applicable to the MSFA's claims. [Citations omitted.]

*Minneapolis Society of Fine Arts v. Parker-Klein Associates Architects, Inc.*, 354 N.W.2d 816 at 820–821 (1984). The language in *Minneapolis Society of Fine Arts* recognizes developing law in other jurisdictions. But the language remains dictum; it is not a holding. Like the court in *Steeple Jac*, we do not distinguish the present case from *Superwood*. We hold that the trial court did not err in determining that the costs of repair of the commercial grain dryer constitute economic loss not recoverable under the tort theory of negligence.

## DECISION

Damage to a product (a grain dryer) caused by a defect in the product itself, which causes no personal injury or damage to other property, constitutes economic loss which is not recoverable under negligence or strict liability theories.

Affirmed.