Virgil THOFSON, et al., Appellants,

v.

REDEX INDUSTRIES, INC., et al., Respondents,

Honeywell, Inc., Defendant.

No. C6–88–1770.

Court of Appeals of Minnesota.

Dec. 20, 1988.

Review Denied Feb. 22, 1989.

P. Justin Dorsey, Fetterly & Gordon, Minneapolis, for appellants.

Mark S. Ullery, Gislason, Dosland, Hunter & Malecki, New Ulm, for respondents.

Scott P. Drawe, Faegre & Benson, Minneapolis, for defendant.

Heard, considered and decided by NIERENGARTEN, P.J., and STONE and FLEMING, JJ.*

## OPINION

NIERENGARTEN, Judge.

The appellants argue the district court erroneously concluded damage to corn and other property caused by a fire in a grain dryer did not constitute damage to "other property" and assert the economic loss resulting from the fire was not a "reasonable economic expectation." The appellants also contend the court improperly granted summary judgment on their negligent misrepresentation claim. We affirm.

## FACTS

Appellants Virgil and Arlene Thofson purchased a grain dryer manufactured by Redex Industries, Inc. (Redex), the corporate predecessor of respondent Blount Agri/Industrial Corporation. The grain dryer worked satisfactorily for several years. On the evening of October 18, 1985, a gas valve in the drying unit apparently malfunctioned and allegedly caused a fire which destroyed the grain dryer, 1,000 bushels of corn in the dryer, and some incidental equipment.

The Thofsons and their property loss insurer, appellant Farmers Mutual Insurance Company, sued Redex, Blount Agri/Industrial and Honeywell, Inc.[1] claiming the dryer or its component parts were "in a defective condition unreasonably dangerous." The Thofsons and Farmers Mutual claimed the respondents negligently designed and manufactured the dryer and asserted the respondents were strictly liable for the loss of the grain dryer, destruction of the corn in the dryer, damage to the incidental equipment, and consequential loss of income. They also asserted a claim for punitive damages. The Thofsons and Farmers Mutual claimed the respondents knew or should have known of the alleged defect but failed to disclose the dangers, and asserted the respondents' alleged "intentional and/or negligent misrepresentations" were a proximate cause of the fire.

The punitive damages claim was dismissed. Redex, Blount Agri/Industrial and Honeywell moved for summary judgment asserting the negligence and strict liability claims were barred by the *Superwood* doctrine. The respondents also asserted there were no genuine issues of fact relative to the misrepresentation claim.

The district court found there were no genuine issues of material fact and that the respondents were entitled to judgment as a matter of law. The court concluded the *Superwood* doctrine applied even if the alleged defect was unreasonably dangerous and that the Thofsons should not recover substantial economic damages merely because of the relatively minor damage to the incidental equipment. The court also concluded the grain dryer malfunction and the resulting loss of grain in the dryer were not unexpected occurrences. The court noted that the allegations of misrepresentation were based upon "some thin hearsay" from a former Redex employee who allegedly stated Redex was aware of similar malfunctions in other grain dryers. According to the court, the Thofsons and Farmers Mutual failed to offer specific facts to support their allegations or show there were genuine issues of material fact.

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

1. By agreement of the parties, the appellants' claims against Honeywell, Inc. were dismissed on appeal.

The Thofsons and Farmers Mutual appeal from the summary judgment.

## ISSUES

1. Did the district court err by concluding damage to grain in a grain dryer caused by a malfunction of the dryer did not constitute damage to "other property"?

2. Did the district court err by granting summary judgment on the appellants' negligent misrepresentation claim?

## ANALYSIS

The district court must render summary judgment

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law.

Minn.R.Civ.P. 56.03. This court must examine the record to determine whether there are any material issues of fact and whether the district court erroneously applied the law. *Minneapolis, St. Paul & Sault Ste. Marie Railroad v. St. Paul Mercury Indemnity Co.*, 268 Minn. 390, 406, 129 N.W.2d 777, 788 (1964).

### 1. Damage to "Other Property"

In *Superwood Corp. v. Siempelkamp Corp.*, 311 N.W.2d 159 (Minn.1981), the supreme court concluded the uniform commercial code provisions which govern commercial transactions would be emasculated if economic losses arising out of commercial transactions were recoverable under tort liability theories. *See id.* at 162. Accordingly, the court held:

> [E]conomic losses that arise out of commercial transactions, except those involving personal injury or damage to other property, are not recoverable under the tort theories of negligence or strict products liability.

*Id.*

The Thofsons and Farmers Mutual contend the Redex grain dryer was "unreasonably dangerous" and assert economic losses caused by "dangerous defects" are excepted from the *Superwood* doctrine. We disagree. Although the supreme court suggested it might consider a distinction between losses caused by a "qualitative defect" and losses which result from a "sudden and calamitous occurrence," the court has not yet recognized that distinction when economic losses arise within the context of a commercial transaction. *See S.J. Groves & Sons Co. v. Aerospatiale Helicopter Corp.*, 374 N.W.2d 431, 434–35 (Minn.1985). This court has held damages to defective products are not recoverable under *Superwood* "even when the defect creates an unreasonable danger to persons or other property." *See St. Paul Fire & Marine Insurance Co. v. Steeple Jac, Inc.*, 352 N.W.2d 107, 110 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Jan. 4, 1985); *see also Nelson v. International Harvester Corp.*, 394 N.W.2d 578 (Minn.Ct.App. 1986), *pet. for rev. denied* (Minn. Dec. 12, 1986) (fires caused by defective fuel systems destroyed farm combines; the plaintiffs' strict liability and negligence claims were barred by *Superwood*); *Tri–State Insurance Co. v. Lindsay Brothers Co.*, 364 N.W.2d 894 (Minn.Ct.App.1985), *aff'd without published opinion*, 381 N.W.2d 446 (Minn.1986) (a fire caused by a design defect destroyed a grain dryer; the cost of repairing the dryer was a nonrecoverable economic loss).

We must determine whether the damage to the corn in the Thofsons' grain dryer constituted damage to "other property." In *Holstad v. Southwestern Porcelain, Inc.*, 421 N.W.2d 371 (Minn.Ct.App.1988), *pet. for rev. denied* (Minn. Apr. 28, 1988), improperly installed components of a feed storage silo resulted in loss of cattle feed and decreased milk production. This court concluded those economic losses did not constitute damage to "other property" under *Superwood*.

We believe *Superwood* requires tort claims be allowed only in limited situations where the nature of the defect or damage is other than that which could

ordinarily be contemplated by the parties to a commercial transaction. Consequently, we hold appellant cannot maintain a tort action because there was no damage to "other property," as that term is intended in *Superwood.*

*Id.* at 375. *Cf. Agristor Leasing v. Guggisberg,* 617 F.Supp. 902, 908 (D.Minn.1985) (damage to cattle feed and livestock caused by a defective feed storage system was "non-recoverable economic loss" under *Superwood* ); *Purvis v. Consolidated Energy Products Co.,* 674 F.2d 217, 223 (4th Cir. 1982) (damage to tobacco curing in defective curing barns "was an ordinary commercial risk of product ineffectiveness").

Although the corn damaged by the fire in the Thofsons' Redex grain dryer was not part of the dryer or its component parts, the district court correctly concluded the loss of the corn was a nonrecoverable economic loss. *See Holstad,* 421 N.W.2d at 375 (damage to cattle feed caused by a defective feed storage system did not constitute damage to "other property"). The loss of the Thofsons' grain was the type of damage "which could ordinarily be contemplated by the parties to a commercial transaction." *See id.* Accordingly, the damage to the grain did not constitute damage to "other property" within the meaning of *Superwood.*

■ The fire in the Redex grain dryer apparently damaged some incidental equipment and therefore caused some damage to "other property." However, the *Superwood* doctrine still applies because the damage to the incidental equipment was minimal relative to the Thofsons' total damages. *See Minneapolis Society of Fine Arts v. Parker–Klein Associates Architects, Inc.,* 354 N.W.2d 816, 820 n. 4 (Minn. 1984) (the policy implications of *Superwood* would be thwarted if the building owner were allowed "to sue in tort to recover over $6 million in damages because of relatively minor damages to the mortar," the replacement cost of which was only a fraction of the alleged damages); *S.J. Groves & Sons Co.,* 374 N.W.2d at 434 n. 2 (the *Super-*

*wood* doctrine applied even though a "nominal amount" of incidental damage occurred to "other property").

The Thofsons' economic losses are recoverable only under the uniform commercial code. The district court did not err by granting the respondents' motions for summary judgment on the negligence and strict liability claims.

### 2. Negligent Misrepresentation Claim

■ The Thofsons and Farmers Mutual alleged in their complaint that the respondents knew or should have known about the hazards associated with the use of the grain dryer and "failed to fully disclose all material facts to Plaintiffs regarding the use of and the hazards of the grain dryer." The apparent basis for this allegation is indicated in an answer to interrogatories.

Plaintiffs are informed and believe that a former employee of Defendant has stated that the occurrence which is the subject of this lawsuit has been experienced by Defendant in other instances. This person's identity is not known at the present time. Plaintiffs will disclose it when it is known to them * * *.

The record does not indicate that the identity of the former employee ever was determined and there is nothing in the district court file which indicates the Thofsons or Farmers Mutual submitted any evidence or affidavits to support the employee's alleged statement.

In opposition to the allegations of misrepresentation, the respondents submitted an affidavit of a former plant manager and superintendent for Redex which states the manager/superintendent did not know of "any type of pattern or repeated occurrences of fires in Redex grain dryers." Although the affidavit indicates the former manager/superintendent was "aware of a few isolated incidents where fires in some models of Redex dryers have been attributed to gas valve malfunctions," the affidavit states gas valve malfunctions were "not common" and indicates the manager/super-

intendent did not know of any fires in the type of Redex dryer purchased by the Thofsons which were caused by a valve malfunction.

When a motion for summary judgment is made and supported as provided in Rule 56, an adverse party may not rest upon the mere averments or denials of his pleading but must present specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Minn.R.Civ.P. 56.05.

Since the Thofsons and Farmers Mutual rely primarily on the general allegations in the complaint and answer and did not submit supporting affidavits or present specific facts showing there is a genuine issue for trial on their negligent misrepresentation claim, the district court properly granted summary judgment on this issue. *See Continental Sales & Equipment Co. v. Town of Stuntz,* 257 N.W.2d 546, 550 (Minn.1977) ("the mere allegation of a prima facie case in the pleadings is not sufficient to raise a material issue of fact for trial"); *see also O'Neil v. Kelly,* 307 Minn. 498, 499, 239 N.W.2d 231, 232 (1976) (the adverse party "may not rely on the possibility that he will be able to develop evidence at trial, but must present specific admissible facts showing a material fact issue"); Minn.R.Civ.P. 56.05.

### DECISION

Damage to the corn in the grain dryer did not constitute damage to "other property" under the *Superwood* doctrine. The district court correctly granted the respondents' motions for summary judgment because the damage to the grain dryer and corn are economic losses which are not recoverable under negligence and strict liability theories and because the appellants failed to present specific facts showing there is a genuine issue for trial on their negligent misrepresentation claim.

AFFIRMED.