| 42 | 123 |
| 46 | 377 |
| 42 | 123 |
| 51 | 393 |

CANNON RIVER MANUFACTURERS' ASSOCIATION *vs.* LUTHER Z. ROGERS.

November 30, 1889.

**Offer—Compliance with Conditions—Time Essential.**—Plaintiff, without any previous contract with defendant, deposited in bank a sum of money, to be paid to him if he should on or before a certain day deposit with the bank certain conveyances of real estate to plaintiff, and other instruments. *Held,* defendant could be entitled to receive and retain the money only by complying, within the time, with the terms of the deposit of the money.

**Same—Distinction between Offer and Contract.**—The rule that, where time is not of the essence of the contract, strict compliance as to time will not be required, does not apply to such a case, but applies only to a case where there is a contract, and contract rights that may be lost by not applying it.

**Estoppel of Judgment. — Defence Conducted by One not a Party.**— One not a party, nor privy to a party, to an action cannot, as between him and the plaintiff, be bound by the result, nor claim that the plaintiff is bound by it, on the ground that he was the real defendant in interest and conducted the defence, unless he did so openly, and to the knowledge of the plaintiff, and for the defence of his own interests.

Estoppel—Receipt of Benefit of Release.—Facts found, considered, and
*held* not to show that a releasee, in a release which he refused to receive,
had accepted and enjoyed the benefits of it, so as to be bound by the trans-
action of which it was intended to be a part.

Plaintiff brought this action in the district court for Rice county,
to recover $6,666.67, which it had deposited with the First National
Bank of Faribault to be paid over to the defendant on the conditions
stated in the opinion, but which the bank had paid over to him, as
alleged, without performance of the conditions. The case was heard
by *Buckham, J.,* on an agreed statement of facts, the substance of
which is stated in the opinion. The plaintiff appeals from a judg-
ment ordered and entered for defendant. An unsuccessful suit by
this plaintiff against the bank to recover the amount it had paid to
defendant is reported, 37 Minn. 394.

*Baxter, Townley & Gale,* for appellant.

*Geo. W. Batchelder,* for respondents.

GILFILLAN, C. J.[1] The plaintiff, on November 23, 1884, deposited
in the First National Bank of Faribault $6,666.67, to be paid to the
defendant if he should, on or before March 15, 1885, deposit with
said bank for plaintiff a good and sufficient warranty deed, convey-
ing to plaintiff, free and clear of all incumbrance, two certain pieces
of real estate, and also all tax certificates concerning the same, and
also a duly-certified copy of a resolution of the board of directors of
the Wisconsin, Minnesota & Pacific Railroad Company, releasing
plaintiff from all and singular the covenants and obligations of each
and every agreement between plaintiff and said company concerning
the application of the proceeds of a certain land grant to plaintiff.
The bank gave plaintiff a receipt for the money, showing the purpose
and terms for and upon which it was deposited. March 7, 1885, de-
fendant applied to the bank for payment of the money to him, offer-
ing to deposit with it a warranty deed conveying to plaintiff one of
the pieces of real estate, he then having good title to the same; a
warranty deed which he at the time supposed conveyed to plaintiff
the other piece of real estate, but which did not describe it properly,

---

[1]Collins, J., was absent and took no part in this case.

he at that time not having good title to the piece of real estate intended to be conveyed,—which title he did not acquire till May 7, 1885; and also a resolution by the railroad company, not in the terms required by the conditions of said deposit with the bank; and also the tax certificates specified. The bank declined to pay the money to defendant without a surrender of its receipt, and one of plaintiff's directors, to whom the papers were handed, accompanied by defendant, went to plaintiff's secretary, who then had the receipt, but who was not authorized to accept the papers, nor to deliver the receipt. On defendant's assurance that the papers were all right in compliance with the conditions of the deposit, and that, if anything was wrong, he would make it right, the secretary took the papers, and delivered the receipt to said director; and he delivered it to the bank, and the bank paid the money to defendant. Plaintiff afterwards sued the bank for wrongfully paying the money to defendant, and the latter recovered judgment. In that action, this defendant, apparently deeming himself the real defendant in interest, employed the attorney who defended the action, and took an active part in the management of the trial. Plaintiff had no notice of either of those facts. On the 18th of March, 1885, plaintiff's board of directors passed a resolution refusing to receive the papers, and directing its secretary to return them to the bank and demand a redelivery of the receipt, and appointed a committee who were authorized, in case they should find the papers not to be a compliance with the deposit, to demand of the bank repayment of the money to plaintiff. A copy of this resolution was immediately served on defendant. The papers were tendered back to the bank, but it refused to receive them. The defendant procured the railroad company to pass a resolution fully releasing plaintiff, as contemplated by the terms of the deposit, and on December 23, 1885, tendered it, with a sufficient deed from defendant to plaintiff of the piece of land misdescribed in its former deed,—and of which he had not the title till May 7, 1885,—to the attorney of the plaintiff in the action against the bank, who refused to receive them; and they were then deposited in court for the plaintiff.

We have stated the facts more in detail, perhaps, than was actually necessary for the decision of the case. The principles of law

applicable are comparatively simple. Whether the defendant pro-cured the payment of the money by the bank to him through wilful false representations, or through a mistake of fact, is immaterial. He was not entitled to receive or retain it. He could be entitled to receive it only by complying with the conditions upon which it was deposited, which he did not do. The delivery by him to the bank of the instruments specified in the conditions of the deposit, within the time so specified, was the consideration upon which he would be en-titled to receive the money. There is in the facts no pretence that he did it within the time, or that he was in condition, in respect to the title to the lands, to do it within the time. It is claimed that, as he afterwards complied with the conditions, time was not essen-tial, and reference is made to those cases where the time of perform-ance by one of the parties to a contract affecting realty has been held not to be of the essence of the contract. Though it be conceded that he afterwards performed or offered to perform on his part, such per-formance or offer not being accepted by the plaintiff, the doctrine of the cases referred to has no application. That doctrine applies only where there is a contract—where the party asking to have it applied has contract rights which will be lost or forfeited if it be not applied. It is to avoid a forfeiture of such rights that courts act on the doc-trine. Here there were no contract rights,—no contract. The de-posit of the money was merely an offer which the defendant might accept or not, as he pleased. He was under no obligation to do any-thing. If he chose to accept, he could do so only by accepting ac-cording to its terms. No case can be found where the court per-mitted a party to acquire rights by treating the time expressed in such an offer for its acceptance as not essential,—as, in effect, not a part of the offer.

We have said there was no contract,—nothing but an offer,—be-cause, although in a conversation between defendant and some of plaintiff's directors they informed him that plaintiff would give him $6,666.67 for the lands and release, and he said he would accept and procure the release and make the conveyance, there was no corpo-rate action, (and that alone is to be looked to, and not conversations with or offers by its individual directors,) except a resolution of the

board of directors directing the treasurer to deposit the money to be paid to defendant, provided he should, on or before March 15th, deposit the specified instruments; and there was no agreement by him with the corporation. He took no action in reference to the subject of the resolution till he applied to the bank for the money.

The defendant has pleaded, and insists upon, as a bar to the action, the judgment in the action against the bank. That judgment is not a bar, for two reasons: *First.* The parties are not the same; for, if it be conceded that one not a party to an action may be estopped, or claim an estoppel, by the judgment, because he is the real party in interest and conducts the defence, yet he must do so openly and to the knowledge of the other party, and for the defence of his own interests. *Schroeder v. Lahrman,* 26 Minn. 87, (1 N. W. Rep. 801.) Whatever part defendant took in that case, it was not with the knowledge of the plaintiff. *Second.* The issues are not the same. In this action the contest is only upon defendant's right to receive and retain the money. In the action against the bank there was the additional issue, was the bank guilty of negligence, as plaintiff's bailee, in paying the money to defendant? and it was upon that issue that the judgment in favor of the bank was affirmed in this court. The tender of the instruments on December 23d to the plaintiff's attorney in the action against the bank, even if the defendant had a right then to make the tender, was ineffectual, for the attorney does not appear to have had any authority to receive them. But, as we have seen, defendant had no right to tender performance on his part—that is, to accept plaintiff's offer—after March 15th; and, had the tender been made to any officer authorized to act for plaintiff in the premises, it would have been of no effect unless accepted.

And this brings us to defendant's claim that plaintiff received the whole consideration for the money. The facts found negative this claim. The offer of the various instruments to the bank, and an acceptance by it, would bind the plaintiff only in case they were in accordance with the terms of the deposit of the money. None would go into effect by reason of that tender, unless all were correct. Plaintiff was not obliged to receive a part-acceptance of its offer, or the

performance of anything less than the whole of its terms. Of the instruments tendered to the bank, two—the release and one of the conveyances—were not in accordance with plaintiff's offer. And on March 18th plaintiff disavowed the action of the bank and of its secretary, and in effect closed or withdrew its offer, so far as it could. Neither the conveyances nor the release went into effect. They could not go into effect without the plaintiff's consent. The title to real estate cannot be thrust on one by a deed which he is under no obligation to accept, and does not accept. Nor can one be bound by a release which he refuses to accept.

It is also claimed that plaintiff has accepted a part of the benefits of what was done by defendant, and thereby ratified all that was done. It is true that if it had received and retained a part of what he tendered to the bank—as if it had accepted the deed that was good, or the lease—it could not afterwards repudiate what it had accepted, and recover the money from defendant, provided he was ready and willing, even after the 15th of March, to make good the remainder. It is claimed that plaintiff has accepted the benefits of the release. The railroad company's resolution of release offered to the bank was not such as plaintiff's offer contemplated; but it was, as the court below finds, passed for the purpose of releasing plaintiff from the obligations of all covenants and agreements between plaintiff and the railroad company concerning the application of the proceeds of a certain land grant to plaintiff, and the court finds that the resolution "has always been acquiesced in by the railroad company." How it has been acquiesced in, whether by any act between it and plaintiff, or merely by omission as yet to attempt enforcement of such covenants and agreements, does not appear. Whatever the railroad company might do or omit to do, unless with the concurrence of plaintiff, could not affect the rights of the latter. The court also finds that since February 7, 1885, the date of the resolution,—a month prior to the day when defendant received the money from the bank,—the plaintiff has done no work, and made no expenditures as provided for in the agreements between it and the railroad company, but has expended the proceeds of the land grant, except the money involved in this action and a few hundred dollars, otherwise than as in such

agreements provided. If it failed to perform its agreements with the railroad company without being released, it may be liable to the railroad company for such failure; and, if there were a doubt whether it had accepted or rejected the release contained in the resolution, its acts in respect to the subject-matters of the resolution might be evidence on the point. But it clearly appears from the findings that it steadily refused to accept the release, and it does not appear that its acts or omissions were because of the release, nor that it was understood between it and the railroad company that the release was operative.

Judgment reversed and a new trial ordered.