CANNON RIVER MANUFACTURERS' ASSOCIATION *vs.* L. Z. ROGERS.

### June 23, 1891.

**Accord and Satisfaction.**—The allegations found in a supplemental answer herein, interposed after the determination of a former appeal, (42 Minn. 123,) considered in connection with a stipulation as to certain facts in the case. *Held,* that said answer was properly stricken out, upon the ground that the facts therein stated did not constitute a defence to the cause of action set forth in the complaint. The facts therein alleged amounted to nothing more than an accord executory, not to an accord and satisfaction.

Appeal by defendant from an order of the district court for Rice county, *Buckham,* J., presiding, striking out his supplemental answer, which set forth the resolution of plaintiff's directors and other matters stated in the opinion.

*Geo. W. Batchelder,* for appellant.

*Geo. N. Baxter,* for respondent.

COLLINS, J. The nature and purpose of this action will fully appear upon an examination of the opinion filed upon a former appeal,

and published in 42 Minn. 123, (43 N. W. Rep. 792.)  After the cause was remanded for a new trial, the defendant interposed a supplemental answer, and the present appeal is from an order striking it out, upon the ground that, in connection with certain other facts stipulated by counsel upon the hearing of the motion, the facts therein stated did not constitute a defence to the cause of action found in the complaint.

It is contended by the plaintiff corporation that from the stipulation referred to, and from the supplemental answer, it clearly appears that the special meeting of May 14, 1889, four of its five directors being present, the fifth, the president of the corporation, declining to appear or participate, and at which the resolution hereinafter mentioned was adopted, was unauthorized and invalid, because not called by the president.  It is also contended that such a resolution could not have been lawfully adopted at this meeting, because it was not within the purpose for which it was called, as such purpose was specified in the notice under which it was held.  But we do not deem it advisable to pass upon either of these questions, as the order of the court below must be affirmed for more substantial reasons.

Aside from its preliminary recitals, the resolution was that the corporation accept the title to certain mill property, and a release from the railway company, tendered by defendant, and release and relinquish all right to the amount of money deposited in the Faribault Bank for the payment thereof, and all right to damages on account of the conversion of the same by defendant, and that the present action be discontinued and dismissed upon its merits, plaintiff's attorney being directed so to do.  There was a proviso in the resolution that the deeds should convey a good and perfect title to the mill property, and also that defendant should pay to the plaintiff the sum of $500.  In brief, the corporation proposed to accept, in satisfaction of its claims against the defendant, a good and perfect title to the mill property, the release of the railway company, and $500 in money.  The defendant alleges in his supplemental answer that he accepted the proposition, and offered to pay the money; that he has ever since offered and been ready to pay the same; that he has demanded the formal dis-

continuance of the suit; that the deeds tendered did and do convey a good and perfect title to the mill property, have been filed with the clerk. of the court, and that defendant now has the deeds and the money in court for plaintiff's acceptance. From the allegations found in the supplemental answer, it appears very clearly that the transaction was not an accord and satisfaction between the parties, for the plaintiff refused to allow defendant to perform. It was not the statement or liquidation of a disputed claim or account by a compromise, thus constituting an obligatory agreement between the parties, and taking away the remedy upon the original demand. Nor was it an engagement to accept defendant's promise to perform in satisfaction. It was nothing more than an offer or proposition on plaintiff's part, which required performance by defendant to render it effectual. There was no new contract entered into which became a substitute for the old claim, and therefore operated as a satisfaction; it was merely an unperformed or unexecuted accord, and of no avail as a defence in this action.

Order affirmed.