22 WEST MAIN STREET, INC., Appellant, *v.* TADEUSZ BOGUSZEWSKI, Respondent.

Fourth Department, June 25, 1970.

*Hodgson, Russ, Andrews, Woods & Goodyear (John J. Cooney* of counsel), for appellant.

*Edwin J. Kuzdale* for respondent.

DEL VECCHIO, J.  Plaintiff appeals from an order of Special Term denying its motion for summary judgment in an action to compel specific performance of a real estate contract.

There is no dispute about the events which preceded this action.

On February 21, 1968 defendant executed an offer to purchase approximately 4.9 acres of land in the Village of Fredonia for $7,000.  The offer stated that the closing was to be held at the offices of the attorneys for the defendant " on or before March 22, 1968 or as soon thereafter as abstracts can be brought to date ".  There was no acceptance by plaintiff until March 26, 1968 (four days after the closing date specified in the offer), when the seller crossed out the closing date of March 22, 1968, inserted the date " April 10, 1968 " and signed the acceptance portion of the offer.  On April 2, 1968 the seller's attorneys wrote to defendant's attorney enclosing the executed purchase offer, the abstract of title, a copy of a proposed deed and other papers relating to the premises.  Receiving no reply, plaintiff's attorneys wrote on five subsequent occasions requesting that a closing date for the transfer be set.  Defendant's counsel did not respond directly to any of these letters but did send plaintiff's attorneys a copy of a letter sent to defendant by his attorney on July 5 in which the latter advised that since the client was unwilling to close the transaction he was no longer representing him in the matter and enclosing a bill for his services. He also advised that the abstract of title and the proposed deed description were being returned to the seller's attorneys.  By letter to defendant dated July 26 plaintiff tendered a deed and set August 5, as a date for closing.  When the tender was not accepted plaintiff commenced this action for specific performance.

After service of the pleadings which put in issue the making of the contract plaintiff served on defendant a notice to admit the execution by him of the purchase offer, the genuineness of his signature thereon and the fact that the offer was not withdrawn prior to acceptance.  When no response to the notice was

served plaintiff moved for summary judgment on the basis of the notice and an affidavit and supporting papers setting forth the facts recited above.

It is plaintiff's contention that its execution of the acceptance of defendant's purchase offer on March 26, 1968 created a binding contract between the parties which it is now entitled to enforce. Defendant takes the position that the acceptance on March 26 was not an acceptance of a viable offer but was merely a counteroffer which was never accepted by the buyer.

Special Term apparently agreed with defendant but, perhaps because no cross motion had been made by him, did not grant judgment in his favor but simply denied plaintiff's motion for summary judgment. Even in the absence of a cross motion, the court should have granted summary judgment to the defendant (CPLR 3212, subd. [b]). Upon the undisputed facts there was never a contract entered into by the parties. The act of the plaintiff in signing the acceptance of the purchase offer on March 26 was too late to constitute an acceptance of defendant's offer to buy made one month and five days prior thereto.

The offer executed on February 21 did not contain any express time limit on its duration. In that circumstance the offer remained open for a reasonable time. '' Where an offer specifies the time of its duration, it must of course be accepted within the time limited; where, however, no time is specified for the offer's duration, it is the general rule that it must be accepted within a reasonable time.'' (9 N. Y. Jur., Contracts, § 30; *Brunner-Booth Fotochrome* v. *Kaufman*, 18 A D 2d 160, 164, affd. 13 N Y 2d 1077.) The circumstances surrounding the offer, or usage or custom of trade, may also raise an implied limitation on the offer. (9 N. Y. Jur., Contracts, § 24.) Here, the original offer to buy contained a proposed closing date one month after the offer. The inclusion of the closing date of March 22 is compelling evidence that acceptance of the offer, if it were to occur, must happen before that date, else the closing date would be an impossibility. A similar case is *Hamilton* v. *Patrick* (62 Hun 74, 79, affd. 149 N. Y. 580) in which the court said: '' The proposal itself implies the necessity of acceptance on or before that day. It is therein proposed that the deed should be executed and delivered to the plaintiff ' on or before March 1, 1885, at which date said money shall be paid.' Acceptance must precede any obligation to perform, and, of necessity, must be made so as to admit of performance as proposed. Any subsequent acceptance would imply a contract different from the terms proposed.'' The reasonable time for duration of the

offer was not longer than the one month within which the offeror hoped to complete the transaction. An acceptance which occurred four days after the proposed closing date and one month and five days after the tender of the offer is clearly beyond a reasonable period of duration. The late acceptance was merely a counteroffer which must in turn be accepted by the original offeror to create a contract. (1 Williston, Contracts [3d ed.], §§ 92, 93; Restatement, Contracts, § 73; *Bridge* v. *O'Callahan,* 118 N. Y. S. 2d 837.) Since there was never any acceptance by defendant of plaintiff's counterproposal, there was no contract between the parties to be enforced.

The order should be modified to grant summary judgment to defendant dismissing the complaint.

GOLDMAN, P. J., WITMER, GABRIELLI and BASTOW, JJ., concur.

Order unanimously modified on the law in accordance with the opinion herein, and as so modified affirmed, without costs.