HARTLAND CALLENDER v. LEO E. KALSCHEUER,
INDIVIDUALLY AND AS GENERAL ADMINISTRATOR
OF ESTATE OF MARY CALLENDER, AND OTHERS.

184 N. W. (2d) 811.

March 12, 1971—No. 42515.

*Firestone, Fink, Krawetz, Miley, Maas & Noonan,* for appellant.
*Howard C. Callender, Torrison & Driscoll,* and *Edward J. Driscoll,*
for respondents.

Heard before Murphy, Rogosheske, Peterson, Kelly, and Odden, JJ.

PER CURIAM.

Plaintiff appeals from summary judgment for defendants in an action
for breach of contract for the sale of land.

Plaintiff and the several defendants are all heirs of Mary Callender,
who died intestate on October 3, 1967, owning certain real property in
Ramsey County. The issue in this case involves the claimed existence
of a valid, legally enforceable contract for the sale of this property to
plaintiff.

On December 8, 1967, the special administrator of Mary Callender's
estate petitioned the probate court for authority to sell the property
in question. Plaintiff filed objections to the petition but failed to appear
at the hearing upon them, and they were dismissed.

Thereafter, plaintiff retained legal counsel who wrote a letter, dated
January 23, 1968, to the attorney for the estate, expressing plaintiff's
concern over a number of matters connected with the administration
of the estate and indicating that plaintiff was interested in purchasing
the real property for $36,000.

In a reply letter, dated January 30, 1968, the attorney for the estate
stated that if plaintiff wished to buy the property he would have to sub-
mit by February 5, 1968, a legally binding earnest money contract,

accompanied by a cashier's check or a certified check in the amount of $5,000. The letter concluded, "If [plaintiff] feels he is not being given enough time, please advise."

Plaintiff contends that the letter of January 30 was an offer to sell, not merely a solicitation of an offer; and he alleges that, upon his request, the February 5 deadline for acceptance of the offer was orally extended by the administrator. All of this is denied by defendants.

On February 8, 1968, plaintiff submitted an earnest money contract to the attorney for the estate, who, by letter dated March 15, 1968, returned the contract, unsigned, together with a cashier's check which plaintiff had submitted.

The estate thereafter sold the property to Macalaster College for $36,000, and the probate court confirmed the sale. Macalaster College is now the fee owner in possession. Plaintiff seeks only damages for the alleged breach of contract.

1. We agree with the trial court's conclusion that the alleged contract is void under the statute of frauds, Minn. St. 513.05, which provides that an executory contract for the sale of land is void "unless the contract, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party by whom the * * * sale is to be made."

Under the statute, if an owner of land makes a definite and complete written offer to sell, written acceptance of the offer by the other party results in the formation of an enforceable contract. The Lake Company v. Molan, 269 Minn. 490, 131 N. W. (2d) 734. If we assume that the letter of January 30 was an offer and if plaintiff had submitted his acceptance by February 5, there would be no question of compliance with the statute of frauds. But plaintiff did not submit his acceptance until February 8, 3 days after the expiration of such assumed offer.

A contract would have been formed, therefore, only if the estate had granted plaintiff an extension of time within which to accept the offer. If the time for acceptance of an offer is limited, as here, the limit is absolute and time is of the essence. Cannon River Mfrs. Assn. v. Rogers, 42 Minn. 123, 43 N. W. 792. Although plaintiff alleges that there was such an extension, he concedes that it was not in writing. Since there was no written extension of time, plaintiff's acceptance on February 8 did not result in a legally enforceable contract. Cf. Lewis v. Johnson, 123 Minn. 409, 143 N. W. 1127.

2. We agree, too, with the trial court's conclusion that there was no issue of fact as to part performance sufficient to take the case out of the statute of frauds.

Plaintiff alleged in his complaint that, in part performance, he had exercised dominion over the real estate after the date of the purported contract and that this included collecting rent and providing material and labor for the improvement of decedent's property. Defendants in their answer denied this and alleged that any actions taken by plaintiff to collect rents or make repairs and improvements took place before the date of the purported offer and before the date of the attempted acceptance.

On their motion for summary judgment, defendants produced a letter, written by plaintiff's attorney prior to the making of the alleged offer, indicating that plaintiff had collected rents and provided material and labor for improvements prior to that time—statements tending to negate plaintiff's allegation that he took control of the real estate in reliance on the purported contract. In contesting the motion, plaintiff relied entirely on the allegations contained in his complaint and did not submit any countering affidavits, depositions, or exhibits. These naked averments of his complaint would not, in that posture, show acts by plaintiff unequivocally referable to the vendor-vendee relationship and not to any other relationship between these heirs of the decedent.

Under Rule 56.05, Rules of Civil Procedure, if a motion for summary judgment is supported by affidavits, depositions, exhibits, and other papers, the party opposing the motion cannot rely on mere assertions in his pleadings to create fact issues, but must present specific facts showing a genuine issue for trial. He may rely on his pleadings only if the facts adduced by the moving party fail to negate facts alleged in the pleadings. Borom v. City of St. Paul, 289 Minn. 371, 184 N. W. (2d) 595; Rosvall v. Provost, 279 Minn. 119, 155 N. W. (2d) 900; Ahlm v. Rooney, 274 Minn. 259, 143 N. W. (2d) 65.

Affirmed.