## MANPOWER, INC. v. BEST TEMPORARIES, INC., AND OTHERS.

### 196 N. W. 2d 288.

### March 17, 1972—No. 42910.

*Roger A. Johnson* and *Rodney Olson,* for appellants.

*Mullin, Galinson, Swirnoff & Weinberg* and *William E. Mullin,* for respondent.

Heard before Knutson, C. J., and Murphy, Otis, and Peterson, JJ.

PER CURIAM.

The matter here for review is an order granting plaintiff summary judgment on counterclaims of defendants.[1] We affirm.

In 1966, defendant Lawrence M. Kochevar was employed by plaintiff, Manpower, Inc., in the business of providing employers with temporary employees. In the fall of 1969, defendant Roger A. Johnson incorporated a competitive business, defendant Best Temporaries, Inc., and hired Kochevar as its general manager. Kochevar terminated his employment with Manpower in December 1969, and undertook his duties with Best in an office located directly across the street from Manpower. In March 1970, Manpower brought this action against Best, Johnson, and Kochevar, alleging, among other things, a breach of a covenant not to compete; seeking money damages; and praying for an injunction to protect trade secrets and to prevent Kochevar from engaging in the employment business in Minneapolis.

The agreement between Manpower and Kochevar, on which plaintiff's claim is based, provided that Kochevar would not, for a period of

---

[1] Although this is not an order appealable of right, we are granting discretionary review.

2 years from the time his contract terminated, engage in a similar business within a radius of 200 miles from Minneapolis or a radius of 25 miles from any city where plaintiff had an affiliated company. In addition, Kochevar agreed that for a period of 2 years he would not use any of plaintiff's customer lists.

On April 3, 1970, defendants served on plaintiff their answers and counterclaims in which they alleged, among other things, that plaintiff sought to destroy defendants' reputation, interfered with the contract of employment between Kochevar and Best, and was guilty of abuse of process. Defendants seek damages against plaintiff in a sum exceeding $11,700,000.

Plaintiff moved for a temporary injunction which on April 22, 1970, was granted in so far as plaintiff sought to protect customer lists which constituted trade secrets. However, the court determined that the restrictions in the covenant not to compete were unreasonable and to that extent the agreement was held void.

The depositions of Johnson and Kochevar were taken by plaintiff in May, following which plaintiff was granted the summary judgment which is the subject of this appeal. The trial court held that the counterclaims stated three causes of action: Wrongful interference with contractual relations, malicious prosecution, and abuse of process. As to the malicious prosecution, the court was of the opinion that until the action was terminated in the defendants' favor, defendants' claim was premature. With respect to the interference with contractual relations, the court distinguished Bennett v. Storz Broadcasting Co. 270 Minn. 525, 134 N. W. 2d 892 (1965), on which defendants relied, because here the employment contract between Kochevar and Best was never terminated. Finally, concerning the claim of abuse of process, the court was of the opinion that defendants had not sustained their burden of presenting facts which established genuine issues in compliance with Rule 56.05, Rules of Civil Procedure:

"* * * When a motion for summary judgment is made and supported as provided in Rule 56, an adverse party may not rest upon the mere averments or denials of his pleading but must present specific facts showing that there is a genuine issue for trial."

We concur in the conclusions reached by the trial court. Although it is true plaintiff was in the process of dissolution and was going out of business when it sought an injunction, that fact alone does not establish malice which gives rise to a cause of action for damages. The deposition of Kochevar makes it clear that defendants had no tangible proof of the allegations they made in their counterclaims. When Kochevar

was asked what evidence he had of plaintiff's intent to destroy defendants' reputation, Kochevar's attorney, defendant Johnson, stated that these were facts which depended on further discovery procedures. In essence, the only evidence which Kochevar could cite to support his claim was the fact that the business community was aware of his being sued. Kochevar was unable to support the claim that plaintiff maliciously damaged his business reputation by intimidation or harassment. In defendants' appeal brief, they state:

"* * * The reason for not giving a full disclosure was that much of what was obtained was based upon speculation, hearsay and inadmissible evidence which we hope to prove upon being granted reasonable discovery."

We are persuaded by the record that the trial court had before it no genuine issues of fact, and that, at most, defendants entertained a hope that evidence supporting their allegations would be forthcoming at some later date. What we said in Rosvall v. Provost, 279 Minn. 119, 124, 155 N. W. 2d 900, 904 (1968), disposes of the matter:

"Upon a motion for summary judgment supported by affidavits setting out specific facts which, if true, would demonstrate the absence of a cause of action, the adverse party cannot preserve his right to a trial on the merits merely by referring to unverified and conclusionary allegations in his pleading or by postulating evidence which might be developed at trial in the course of cross-examination of adverse parties under the rules." [2]

The decision of the trial court is accordingly affirmed. No costs shall be allowed to either party.

Affirmed.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[2] See, also, Callender v. Kalscheuer, 289 Minn. 532, 184 N. W. 2d 811 (1971).