**STARLITE LIMITED PARTNERSHIP,**
Respondent,

v.

**LANDRY'S RESTAURANTS, INC. f/k/a**
**Landry's Seafood Restaurants, Inc., a**
**Delaware corporation, Appellant.**

Nos. A09–0859, A09–0995.

Court of Appeals of Minnesota.

March 30, 2010.

David Bradley Olsen, John N. Bisanz, Jr., Henson & Efron, P.A., Minneapolis, MN, for respondent.

Peter W. Carter, P. Joshua Hill, Charles K. LaPlante, Dorsey & Whitney LLP, Minneapolis, MN, for appellant.

Considered and decided by LANSING, Presiding Judge; HALBROOKS, Judge; and RANDALL, Judge.*

## OPINION

LANSING, Judge.

In litigation arising from a guaranty of a lease agreement, the district court concluded that a lease that was accepted after the offer expired was an enforceable contract by virtue of waiver. On that theory, the district court granted summary judgment. Because we conclude that under Minnesota caselaw the doctrine of waiver cannot be used to extend the time for acceptance in the formation of a contract, we reverse and remand.

## FACTS

Landry's Seafood House–Minnesota Inc. (Seafood House) extended a written, signed offer to Starlite Limited Partnership on April 30, 1998 to lease Starlite's property in Ramsey County. In addition to the terms of acceptance, the written offer set out the general lease terms over its twenty-year duration. One of the terms of the offer specifically stated that

> If [Starlite] has not executed multiple copies of this [l]ease and returned at least one (1) fully executed copy to [Seafood House] within six (6) days after the date of execution hereof by [Seafood House], [Seafood House's] offer to lease as provided for herein shall be deemed withdrawn, and this [l]ease shall be null, void[,] and of no force and effect.

Contemporaneously, Seafood House's parent corporation, Landry's Restaurants Inc. (Landry's) executed a written guaranty of Seafood House's April 30 lease agreement that presumed Starlite's acceptance.

Starlite signed and returned the lease agreement on May 11, 1998, five days after the offer's May 6 deadline. Seafood House occupied the property and built a restaurant on the premises. Seafood House paid rent and property taxes through May 2007 when it vacated the property.

Beginning with the occupancy of the property, Starlite sent monthly "[r]esident [s]tatements" to Seafood House and Landry's that set forth the monthly rent owed and any past-due balance. Starlite contin-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

ued to send these statements to Seafood House and Landry's after Seafood House stopped paying rent in June 2007. Each of these statements reflected that the past-due balance was increasing. Starlite sent a letter to Landry's in January 2008 demanding that Landry's, as a guarantor of the lease, pay the past-due balance and the rent going forward. Starlite sent a second letter in July 2008. Landry's did not make any payments to Starlite.

Starlite sued Landry's for payment under the guaranty and moved for summary judgment. Landry's argued, among other things, that the lease was void because Seafood House's offer had expired before it was accepted and, therefore, Landry's was not liable under the guaranty. Starlite argued that Seafood House waived the deadline in its offer through its performance. The district court granted summary judgment to Starlite, concluding that Seafood House waived its deadline for acceptance by occupying the property and paying the amounts owed. The district court ordered Landry's to pay Starlite damages for taxes, interest, past rent, late fees, and attorneys' fees.

Landry's appeals from summary judgment arguing that summary judgment is not available on this theory because a term of acceptance cannot be waived by performance. Landry's also argues that factual questions preclude summary judgment even if the deadline for acceptance could be waived, and that the damages were improperly calculated.

### ISSUE

Can the doctrine of waiver apply to extend the time for acceptance and allow formation of a contract?

### ANALYSIS

On appeal from summary judgment, we determine whether there are any genuine issues of material fact and whether a party is entitled to judgment as a matter of law. *Yang v. Voyagaire Houseboats, Inc.*, 701 N.W.2d 783, 788 (Minn.2005). In assessing the evidence, we take the view most favorable to the party against whom judgment was granted. *Motorsports Racing Plus, Inc. v. Arctic Cat Sales, Inc.*, 666 N.W.2d 320, 323 n. 1 (Minn.2003). When the material facts are not in dispute, our review of the district court's application of law is de novo. *In re Collier*, 726 N.W.2d 799, 803 (Minn.2007).

■ A fundamental purpose of contract law is to protect the reasonable expectations of the parties who enter into the bargain, which, in turn, promotes and facilitates business agreements. *See* 1 Arthur Linton Corbin, *Corbin on Contracts* § 1.1 (1993) (discussing purpose of contract law). Contracts allow entities to create new legal obligations for themselves and one another. *See* Lon L. Fuller, *Consideration and Form*, 41 Colum. L. Rev. 799, 806–07 (1941) (stating that "when a court enforces a promise it is merely arming with legal sanction a rule [ ] previously established by the party himself"). Enforcement of a contract's legal obligations in a way that is consistent with the parties' stated expectations provides certainty and predictability in contractual relationships.

■ The district court determined that Seafood House's conduct in occupying the property and paying rent and taxes for nine years waived the deadline in Seafood House's offer. Landry's agrees that a party to a contract can waive a term of performance through conduct but argues that this principle does not apply to contract formation and that a defect in the acceptance cannot be waived. Based on our reading of Minnesota caselaw, we agree.

The law governing contract formation is distinct from that of contract performance.

The Minnesota Supreme Court has recognized that distinction in stating that "[b]ecause of strict rules governing offer and acceptance, which require that an acceptance be in terms of the offer, we are reluctant to follow by analogy rules laid down with respect to contracts already formed. In passing upon questions of offer and acceptance, courts may wisely require greater exactitude than when they are trying to salvage an existing contract." *Henry Simons Lumber Co. v. Simons,* 232 Minn. 187, 193–94, 44 N.W.2d 726, 730 (1950).

States differ in whether they recognize waiver of a term for acceptance. *Compare Sabo v. Fasano,* 154 Cal.App.3d 502, 201 Cal.Rptr. 270, 271 (1984) (recognizing waiver of defect in acceptance); *Kansas City v. Indus. Gas Co.,* 138 Kan. 755, 28 P.2d 968, 970 (Kan.1934) (same); *Beirne v. Alaska State Hous. Auth.,* 454 P.2d 262, 264–65 (Alaska 1969) (same); *with 22 W. Main St., Inc. v. Boguszewski,* 34 A.D.2d 358, 311 N.Y.S.2d 565, 567 (1970) (viewing late acceptance as counteroffer); *Morrison v. Rayen Inv., Inc.,* 97 Nev. 58, 624 P.2d 11, 12 (1981) (same); *Frandsen v. Gerstner,* 26 Utah 2d 180, 487 P.2d 697, 700 (1971) (viewing defective acceptance as counteroffer).

■ Minnesota caselaw recognizes that when an offer specifies a deadline for acceptance and that time passes, the offeree's power to accept lapses and an offeree's late acceptance cannot create a contract. Two cases demonstrate this recognition: *Callender v. Kalscheuer,* 289 Minn. 532, 184 N.W.2d 811 (1971) and *Rooney v. Dayton–Hudson Corp.,* 310 Minn. 256, 246 N.W.2d 170 (1976).

In *Callender,* a property administrator who offered to sell property required the deposit of an earnest-money check and an executed contract by a specified date. 289 Minn. at 532–33, 184 N.W.2d at 812. The

potential purchaser failed to meet the deadline but claimed that the date had been extended orally and sued for breach of contract. *Id.* at 533, 184 N.W.2d at 812. The Minnesota Supreme Court held that no contract was formed when acceptance occurred after the written offer had expired. *Id.* (stating that "if the time for acceptance of an offer is limited, as here, the limit is absolute and time is of the essence"). The *Callender* court looked to long-standing precedent in stating this principle. *See id.* (citing *Cannon River Mfrs. Ass'n v. Rogers,* 42 Minn. 123, 126, 43 N.W. 792, 793 (1889) (in which supreme court distinguished waiver of term of contract performance from waiver of term of acceptance)). Similarly, in *Rooney* a corporation offered to sell a property and required that the potential purchaser deposit the remainder of the purchase price and additional documents by a specified date. 310 Minn. at 257–58, 246 N.W.2d at 171–72. Although the potential purchaser did not make these deposits by the deadline, he argued that the sellers had represented to him that they extended the deadline several months. *Id.* at 261, 246 N.W.2d at 173. Relying on *Callender,* the court held that in the absence of a written extension, the seller's offer expired at the time specified in the offer and could not be waived to form a completed contract. *Id.* at 267, 246 N.W.2d at 176.

■ Both *Callender* and *Rooney* rely, in part, on the statute of frauds in rejecting the concept of waiver in contract formation because the appellants were arguing that the offers were modified orally. *Callender,* 289 Minn. at 533, 184 N.W.2d at 812; *Rooney,* 310 Minn. at 266–67, 246 N.W.2d at 175–76 (citing *Scheerschmidt v. Smith,* 74 Minn. 224, 228, 77 N.W. 34, 35 (1898)). The statute of frauds, however, does not present the same issue in this case because the law has since developed to allow part

performance to remove a contract from the purview of the statute of frauds—and Seafood House and Starlite's relationship for nine years undoubtedly would result in removal. *Rosenberg v. Heritage Renovations, LLC,* 685 N.W.2d 320, 325–26 (Minn. 2004); *Berg v. Carlstrom,* 347 N.W.2d 809, 812 (Minn.1984). But the cases also establish that an offer expires on the date it specifies and cannot be accepted after that deadline. Consequently, an offeror cannot waive a term of the offer and create a valid agreement because there was no longer an offer that the offeree could accept.

This view is consistent with federal law on contract formation and traditional principles of contract law. *See Kurio v. United States,* 429 F.Supp. 42, 64 (S.D.Tex. 1970) (stating that "[when] an offer has terminated by lapse of time, an attempt to accept is ineffectual to create a contract"); Restatement (Second) of Contracts § 41 (1981) (stating that offeree's power of acceptance is terminated at time specified in offer); 1 Samuel Williston, *A Treatise on the Law of Contracts* § 5:5 (1990) (offeror can specify time for acceptance after which power of acceptance necessarily expires); 1 Corbin, *supra,* § 2.14 (stating that offer may specify time within which acceptance must occur; if so, power of acceptance is limited accordingly).

The waiver theory advanced by Starlite would inject uncertainty into contract formation. Under this theory the offeree is or may be bound by the contract from the time it accepted the offer but the offeror is free to choose whether or not a valid contract was formed and may make this choice "without communication to the offeree, and perhaps without any limitation of time." 2 Williston, *supra* § 6:55. The offeree does not know if it is bound and there are no clear limits to this uncertainty. *See Kurio,* 429 F.Supp. at 64 (stating that "[t]he [g]overnment's argument that

the offeror may waive untimeliness does violence to the conceptual basis for contractual law") Also, because the lease offer contained a clear deadline for acceptance, Starlite was in an equally good position as Seafood House to determine the consequence of its late acceptance. *See* Restatement (Second) of Contracts § 70 (1981) (discussing effect of late or otherwise defective acceptance).

We recognize that the extent of the performance in this case may well give rise to obligations under doctrines other than the doctrine of waiver. Attempting to create a new theory of waiver in Minnesota law is not necessary to protect Starlite's interests. We conclude that the district court erred in granting summary judgment to Starlite and reverse and remand.

We decline Landry's request to grant it summary judgment. Landry's argues that a tenancy at will was created when the offer lapsed and Seafood House occupied the property. But Starlite, on appeal, has raised the alternative theory that its late acceptance served as a counteroffer for which it can demonstrate acceptance. Because Starlite did not raise this argument in the district court, we do not consider it on appeal. *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (stating that appellate courts should only review issues considered by district court). We note, however, that this theory would comport with the general principles of contract law. *See* Restatement (Second) of Contracts § 70 (stating late acceptance may be effective as offer to original offeror); 2 Williston, *supra,* § 6.56 (same); 1 Corbin, *supra,* § 3:20 (same). Landry's argues that the statute of frauds would bar this theory, but the parties' performance can supersede the statute of frauds. *Rosenberg,* 685 N.W.2d at 325–26. We do not resolve this question but remand the case for further proceedings.

Because we conclude that Seafood House could not waive the defect in Starlite's acceptance and consequently summary judgment for Starlite was in error, we do not reach Landry's challenges to the district court's interpretation of the guaranty or its calculation of damages.

### DECISION

When a provision in a proposed contract expressly limits the time for acceptance of the offer and states that the proposed contract becomes null and void, that provision operates as a termination if the offer is not accepted within the stated time period. The waiver doctrine does not apply to cure a defect in acceptance and to bind the other party to the contract. We recognize that other doctrines that result in enforcement may apply, and we therefore decline to grant summary judgment for Landry's and reverse and remand for further proceedings.

**Reversed and remanded.**